Garrett A. Goetschius, Appellant, *v.* Benjamin P. Brightman and Another, Doing Business under the Firm Name and Style of Rice Automobile Company, Respondents.

Third Department, September 25, 1925.

Sales — conditional sales — action to replevin automobile bought in California on conditional sale contract and brought here without seller's consent and sold to defendants — conditional sale is valid in California as to innocent purchasers though contract not filed — comity — laws of California, and not laws of this State at time automobile was brought here, apply — plaintiff may recover.

An automobile sold by the plaintiff's assignor in California under a conditional sale contract, which provided that the automobile should not be removed from the State without the written consent of the owner, and brought to this State by the purchaser without the consent of the seller and sold to the defendants, may be recovered in this State in an action in replevin, since, under the law of California, which under the rule of comity governs the rights of the parties in this case, a contract of conditional sale is valid as to innocent purchasers for value without notice, although the contract is not filed, and, therefore, the plaintiff may recover the automobile whether or not the defendant purchased in good faith and for value.

Appeal by the plaintiff, Garrett A. Goetschius, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 30th day of January, 1924, upon the verdict of a jury, and also from an order entered on the same day denying plaintiff's motion for a new trial made upon the minutes.

*Dugan & Bookstein* [*Isadore Bookstein* of counsel], for the appellant.

*J. Harris Loucks,* for the respondents.

Hinman, J.:

This is an action in replevin. On April 15, 1919, the Davies-Overland Company, a California corporation, having an agency for Willys-Knight automobiles, sold to one C. W. Oesting, of San Diego, Cal., a Willys-Knight automobile for the sum of $3,237.56 under a conditional contract of sale. Nine hundred and fifty dollars was allowed on the purchase price on an automobile taken in trade and the balance was to be paid in monthly installments until the full amount was paid. The contract was in the usual form of a contract of conditional sale, under which the title was retained in the vendor until complete performance of the agreement by the vendee. The agreement further provided: " Said purchaser agrees that he will not, and has no right to assign, pledge,

mortgage or otherwise dispose of this contract, or said automobile or any part thereof, or use or permit said automobile to be used for rental purposes, or remove the same from the County of San Diego, State of California, or incur any bills, other than with owner, for repairs to said automobile in excess of $10.00 during the existence of this agreement, without the written consent of said owner." Before completing his payments entitling him to a bill of sale, Oesting drove the automobile from San Diego, Cal., to the city of Albany, N. Y., without the knowledge or consent of the conditional vendor, in August, 1919, and sold the same to the defendants for the sum of $800. The plaintiff became subrogated to all the rights of the said conditional vendor by assignment from the Davies-Overland Company and brought this action in replevin. The principal question involved on this appeal is whether the law governing the rights of the parties is the law of the State of New York as it existed in 1919 or the law of the State of California at that time.

It was proven that under the law of the State of California a contract of conditional sale is valid as to innocent purchasers for value without notice and without filing the contract. California has not had a filing law requiring that conditional sales contracts be filed in order that the reservation of title be effective against creditors or innocent purchasers for value of the conditional vendee. (See *Oakland Bank of Savings* v. *California Pressed Brick Co.*, [1920] 183 Cal. 295 and cases cited.) The New York Conditional Sales Act (Pers. Prop. Law, § 62)* before and since the adoption of the Uniform Conditional Sales Act (Laws of 1922, chap. 642, adding to Pers. Prop. Law, art. 4, including §§ 65, 66) has required such conditional sales contracts to be filed in order to make the reservation of title effective as against *bona fide* subsequent purchasers from the conditional vendee without notice. In section 63 of the New York Personal Property Law (as amd. by Laws of 1915, chap. 14) as it existed in 1919, it was provided that " Such contracts   *   *   *   shall be filed in the city or town where the conditional vendee resides, if he resides within the State at the time of the execution thereof, and if not, in the city or town where such property is at such time.   *   *   *." It is clear that the filing required by the foregoing New York law is not directed to a transaction in another State between parties residing in such other State in relation to the conditional sale of property located at the time in that State.  " The weight of authority holds, in accordance with the rule relating to chattel mortgages, that, unless the local law of the latter State with reference to filing or recording conditional contracts of

---

* See, also, Laws of 1920, chap. 635, amdg. said § 62.— [REP.

sale expressly, or by clear implication, applies to contracts made out of the State with reference to property subsequently brought into the State, it is not necessary to file or record the mortgage in that State, unless it was contemplated at the time of the sale that the property should be removed to such State, in which case such filing or recording seems to be necessary, notwithstanding that the contract of sale was completed in another State." (Whart. Confl. Laws [3d ed.], § 355-b.) The conditional sale contract in question contemplated no removal from the State of California without the written consent of the conditional vendor and no such consent was given. It is not even claimed that the vendor had knowledge of the removal. The question here involved has been settled in many jurisdictions having filing laws similar to the New York law and with substantial unanimity that the law of the place of contract applies under a rule of comity. (*Studebaker Bros. Co.* v. *Mau,* 14 Wyo. 68; *Harper* v. *People,* 2 Colo. App. 177; *Baldwin* v. *Hill,* 4 Kans. App. 168; *Cleveland Machine Works* v. *Lang,* 67 N. H. 348; *Shapard* v. *Hynes,* 104 Fed. 449, 452; *Greenville National Bank* v. *Evans-Snyder-Buel Co.,* 9 Okla. 353; *Farmers & Merchants State Bank* v. *Sutherlin,* 93 Neb. 707; *Flora* v. *Julesburg Motor Co.,* 69 Colo. 238; *Finance Service Corporation* v. *Kelly,* [Mo. App.] 235 S. W. 146.) No direct authority in this State which disposes of the question has been called to our attention. We think the law of California should govern this transaction because the doctrine of comity should require us to enforce a title valid in the State where it was created unless contrary to the policy of this State. The policy of this State has been to protect the right of ownership of personal property and to leave the buyer to take care that he gets a good title. (*Edgerly* v. *Bush,* 81 N. Y. 199; *Nichols* v. *Mase,* 94 id. 160, 167.) While our policy is also to protect innocent purchasers for value where a contract of conditional sale is not filed, our statute (Pers. Prop. Law, § 63, as amd. by Laws of 1915, chap. 14), as it existed in 1919, did not purport to cover such filing where the property conditionally sold was subsequently removed from another State to this State. Even under our present Uniform Conditional Sales Act (Pers. Prop. Law, §§ 73, 74, 75, as added by Laws of 1922, chap. 642), where property is removed from another State the vendor has ten days after notice of removal in which to file his conditional sale contract in the filing district to which the goods are removed. The automobile in question was brought into this State in violation of the contract and without the knowledge or consent of the vendor. The rule of comity should prevail and the law of California should govern. The trial court, however, submitted the case to the jury under the law of New York, submitting the question whether or not the defendants

were innocent purchasers.   The jury found that they were and rendered a verdict for the defendants.   If the law of California applies it becomes immaterial whether the defendants were innocent purchasers  because the reservation of the title was effective as against them whether they were innocent purchasers or otherwise.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event.