4 Courtlandt G. & R. Corp. *v.* N. Y. Y. C. Co. S. Agency, Inc.

First Department, May, 1926. [Vol. 217

Courtlandt Garage and Realty Corporation, Respondent, *v.* The New York Yellow Cab Company Sales Agency, Inc., Appellant, Impleaded with Camp Taxi Cab Company, Inc., and Others, Defendants.

First Department, May 14, 1926.

Liens — garage keeper's lien — lien under Lien Law, § 184, is superior to prior chattel mortgage — under amendment of Lien Law, § 184, by Laws of 1926, chap. 373, not applicable here, lien may be lost by failure to keep actual possession.

The lien of a garage keeper on an automobile, under section 184 of the Lien Law, is superior to the lien of a prior chattel mortgage.

*It seems,* that by virtue of chapter 373 of the Laws of 1926, amending section 184 of the Lien Law, not applicable to this case, a garage keeper may lose his lien if subsequent to thirty days from the accrual of such lien, he permits the motor vehicle to leave his actual possession.

Appeal by the defendant, The New York Yellow Cab Company Sales Agency, Inc., from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 8th day of January, 1925, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of the plaintiff, and an order denying defendants' motion to dismiss the complaint.

*Samuel F. Moran* of counsel [*John D. Monroe* with him on the brief], for the appellant.

*Frank Aranow* of counsel [*Sumner L. Samuels* with him on the brief; *Kaplan, Kosman & Streusand,* attorneys], for the respondent.

McAvoy, J. Judgment was had in this action on a verdict directed in favor of the plaintiff, a garage keeper, to the effect that the plaintiff had acquired a valid lien on a taxicab, superior to the rights and interests of the defendant The New York Yellow Cab Company Sales Agency, Inc., which was the chattel mortgagee of the cab.

There were fifteen actions brought for the same relief and one of the fifteen cases was tried in the Municipal Court and judgment rendered on a directed verdict in behalf of the plaintiff establishing its lien and for foreclosure thereof. On stipulation a similar verdict and judgment thereon was entered in the other cases. Upon appeal the judgment entered on the case tried was affirmed in the Appellate Term, First Department, and permission was thereafter given to appeal to this court.

The question involved is whether or not the lien of a chattel mortgagee is superior to the lien acquired by a garage keeper.

Section 184 of the Lien Law, which provides for a lien of this nature, reads: "A person keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article eleven of the Highway Law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline or other supplies therefor and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid."

The clause which declares that the lienor may retain possession of the property until his charges are paid contains no exception in favor of prior lien claimants and gives to a chattel mortgagee no right to seize the chattel against the lien of the garage keeper. The words of the statute seem to be unambiguous in respect of giving the lienor who stores, maintains, keeps or repairs a motor vehicle or who furnishes supplies or fuel thereto at the request of the owner or the legal possessor of the vehicle a priority of lien which insures his possession of the chattel until his charges are paid, regardless of any previous lien of a chattel mortgagee. The rule established by the authority of the cases governing liens of livery stable keepers, which are provided for in section 183 of the Lien Law, is that a lien of a stablekeeper is superior to the lien of a prior mortgagee of a vehicle stored by the stableman. This was the ruling in *Johanns* v. *Ficke* (224 N. Y. 513). In *Barrett Mfg. Co.* v. *Van Ronk* (212 N. Y. 90), which was an action by a chattel mortgagee to foreclose a mortgage on a truck on which a livery stable keeper asserted a lien under section 183 of the Lien Law incurred for the care and feeding of horses used in connection with the truck, the court asserted that a livery stable keeper could create a lien under section 183 of the Lien Law as against even the chattel mortgagee, when the mortgagor had a right of possession, although it was found there that the stableman had not acquired a lien in that particular case, because no charge was due upon the facts proven for storage of the truck. The statute and these rulings make it obvious that where a lien is created in accordance with the provisions of the statute, it is a lien to which the rights of the chattel mortgagee or conditional sale vendor are subject. In *Corning* v. *Ashley* (51 Hun, 483), which was affirmed on opinion below (121 N. Y. 700), a lien of a livery stable keeper was held prior to that of the chattel mortgagee,

and it was there said that the mortgage contract was deemed to contain in it as one of its implied terms subjection to the statute whereby an adverse lien might be created.

During the current year a statute was passed known as chapter 373 of the Laws of 1926, amending section 184 of the Lien Law, which took effect on April 15, 1926, and which amendment provides the exception that " if the lienor, subsequent to thirty days from the accrual of such lien, allows the motor vehicle out of his actual possession the lien provided for in this section shall thereupon become void as against all conditional sale agreements or mortgages covering such motor vehicle and executed prior to the accrual of such lien, notwithstanding possession of such motor vehicle is thereafter acquired by such lienor."

This subsequently enacted amendment to the statute may be considered as a means of determining the earlier intention of the Legislature with respect to the priority of a lien of a garage keeper, and it would seem from its terms that the amendment of the statute recognizes that there was theretofore the intent to give the garage keeper a lien prior to all other incumbrances placed upon a vehicle which is left in his possession for storage, maintenance or keeping, or to which he furnishes supplies, repairs or fuel. If under the prior enactment a garage keeper's lien was subject to that of the conditional vendor or chattel mortgagee, on a vehicle stored by him or to which he furnished supplies, fuel or repairs, it would not have been necessary to provide by the amendment that hereafter, if the garage keeper-lienor subsequent to thirty days from the accrual of such lien, allows the motor vehicle out of his actual possession, the lien shall become void as against all conditional sale agreements or mortgages placed thereon and executed prior to the accrual of such lien. The garage keeper's lien, if it were not an effective lien as against conditional sale agreements or mortgages executed prior to the accrual of the lien, required no declaration to make it ineffective after the time prescribed.

We conclude that it is quite without question that this lien was superior to that of the chattel mortgagee, and that, therefore, the judgment directing the foreclosure of the lien was rightly affirmed by the Appellate Term.

The determination should be affirmed, with costs.

CLARKE, P. J., DOWLING, MERRELL and MARTIN, JJ., concur.

Determination affirmed, with costs.