New York Yellow Cab Co. Sales Agency, Inc., Appellant, *v.* Laurel Garage, Inc., Respondent. (Actions No. 1 and No. 2.)

First Department, February 4, 1927.

Liens — garage keeper's lien under Lien Law, § 184 — action in replevin by conditional vendor to recover taxicabs on which defendant claims lien — persons to whom taxicabs were sold did not bring them to defendant's garage for storage — question of fact whether persons who brought cabs were those referred to in statute — mere possession does not show consent of owner to storage — question of fact as to reasonableness of defendant's charges — lien given by Lien Law, § 184, is specific and not general — in order to support lien, defendant must segregate items chargeable against each taxicab — error for court to direct verdict in favor of defendant on counterclaim based on alleged lien.

This is an action in replevin by a conditional vendor to recover possession of several taxicabs. The defendant interposes a counterclaim for storage and

**330**  N. Y. Y. C. Co. S. Agency, Inc., *v.* Laurel Garage, Inc.

First Department, February, 1927.                    [Vol. 219

claims a lien on the taxicabs under the provisions of section 184 of the Lien Law. The taxicabs were not brought to the defendant's garage by the persons to whom they were sold. There is no evidence in the record that the persons who brought the taxicabs to the garage for storage had authority to do so from the owners thereof. There was at least a question of fact for the jury with respect to whether the persons who stored the cabs were the persons referred to in section 184 of the Lien Law, and it was error for the court to direct a verdict in favor of the defendant.

Mere possession is insufficient to establish even implied consent on the part of an owner, especially where the identity of such owner is clearly disclosed in the record.

There was a question of fact also with respect to the reasonableness of the defendant's charges, and it was error to exclude testimony offered in behalf of the plaintiff tending to show that such charges were unreasonable.

The lien given by section 184 of the Lien Law is specific and not general, and, therefore, in order to maintain the lien it was necessary for the defendant to segregate the items so as to show the particular charges against each taxicab.

Appeal by the plaintiff, New York Yellow Cab Co. Sales Agency, Inc., in each action, from a judgment of the Supreme Court in favor of the defendant in each action, entered in the office of the clerk of the county of New York on the 30th day of March, 1926, in action No. 1, and on the 29th day of March, 1926, in action No. 2, upon the verdict of a jury in each action, rendered by direction of the court, and also from an order entered in each action on the 24th day of March, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Henry H. Nordlinger* of counsel [*Samuel H. Hofstadter* and *Bernard Kronthal* with him on the brief; *Bernard Kronthal*, attorney], for the appellant.

*Edwin L. LaCrosse* of counsel [*John A. Bolles*, attorney], for the respondent.

O'Malley, J. These are actions in replevin by a conditional vendor to recover possession of twelve taxicabs. The defendant garage keeper by a counterclaim in each action has set up the usual lien for storage and supplies pursuant to the provisions of section 184 of the Lien Law. Such liens were sustained, the trial court having dismissed the complaints in both actions and directed verdicts for the defendant. In action No. 1 the defendant's lien was found to be the sum of $1,066.65; in action No. 2, the sum of $1,096.51.

While appellant concedes that under our decision in *Courtlandt G. & R. Corp.* v. *N. Y. Y. C. Co. S. Agency, Inc.* (217 App. Div. 4), the defendant is entitled to priority in a proper case, it is claimed that there are distinguishing facts herein, and reversal is sought upon questions not arising in the case cited. It is urged

that defendant failed to prove facts sufficient to bring itself within the decision above referred to or within the terms of the statute, and that in any event the court erred in directing a verdict and in excluding certain evidence offered by the plaintiff. A decision herein requires a consideration and construction of section 184. It provides: " A person keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article eleven of the Highway Law, and who in connection therewith stores, maintains, keeps or repairs *any motor vehicle* or furnishes gasoline or other supplies therefor *at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise,* has a lien upon *such motor vehicle* for the sum due for such storing, maintaining, keeping or repairing of *such motor vehicle* or for furnishing gasoline or other supplies *therefor* and may detain *such motor vehicle* at any time *it* may be lawfully in his possession until such sum is paid." (Italics ours.)

Appellant contends that the consent referred to in this section is that of the owner, conditional vendee or mortgagor in possession, or of some person in privity with such person. In addition, it is contended that the lien provided for therein is a specific, rather than a general lien. It is argued that the defendant's proof failed to show that the supplies furnished to the taxicabs involved in this action were furnished to a person within the purview of the statute and further failed to establish the amount of the charges for storage and supplies properly chargeable to each specific taxicab. It is urged that for the protection of a conditional vendor the Legislature must be deemed to have intended a specific rather than a general lien, for the reason that a conditional vendor or chattel mortgagee is entitled to be informed of the amount of the lien against each taxicab in order that it may be in a position intelligently to determine whether it shall pay the charges and recover its property or surrender its rights thereto.

Before considering these questions a recital of the facts is necessary. In action No. 1 two causes of action are set forth. In these three taxicabs are involved. It appears that such cabs were a part of a lot of nine taxicabs sold by plaintiff to two different parties. Two were included in a sale of six to a corporation known as the Yates Taxicab Company, and one was included in a sale of three to one Samuel Faber. These three were found in the possession of the defendant, and it proved it had unpaid charges for storage, gasoline and supplies against all of said cabs. It failed, however, to prove that the two cabs sold to the Yates Taxicab Company came into its possession through such corporation

or through any one in privity with it.   Its evidence tended to show that these two taxicabs, together with the other involved in this cause of action and which appeared from plaintiff's proof to have been sold to one Harry Faber, were brought to the defendant's garage, not by any one representing the Yates Taxicab Company, nor yet by Harry Faber, but were brought by two persons named Samuel Faber and Abe Faber.   The defendant's representative testified that these two individuals " made arrangements to store them; who owned them originally from the company, I don't know.   That is the people made arrangements to store them."

In this state of the record the only proof of ownership on the part of the persons who stored the cabs must be found in the presumption of ownership that arises from possession.   However, as already appears, the plaintiff's proof tended to show that the cabs were actually owned by the Yates Taxicab Company, and in the absence of any proof showing authority from the Yates Taxicab Company on the part of the persons storing the taxicabs, there was at least a question of fact for the jury with respect to whether the persons who stored the cabs were such as are referred to in the statute under consideration.

Respondent contends that its proof was sufficient to bring the case within the decision in *Courtlandt G. & R. Corp.* v. *N. Y. Y. C. Co. S. Agency, Inc.* (*supra*) and the following language contained therein is referred to: " The words of the statute seem to be unambiguous in respect of giving the lienor who stores, maintains, keeps or repairs a motor vehicle or who furnishes supplies or fuel thereto at the request of the owner or the *legal possessor* of the vehicle a priority of lien which insures his possession of the chattel until his charges are paid, regardless of any previous lien of a chattel mortgagee."   (Italics ours.)

It is asserted that the persons who here stored the cars must be deemed legal possessors.   But the phrase " legal possessor," as thus used, was not intended to mean every person who might be legally or lawfully in possession.   The term was used in the sense of one who, but for the reservation of strict legal title in a conditional vendor, or the giving of a strict legal title to a chattel mortgagee, would have the status of a full and unqualified owner. Nothing is here shown to establish such relationship on the part of the persons who stored the cars.   Mere possession alone appears and this in itself seems insufficient to establish even implied consent on the part of an owner, especially where the identity of such owner is clearly disclosed in the record.

In action No. 2 nine taxicabs were involved.   The plaintiff proved that one of such taxicabs was sold to one Harry Faber;

five to one Louis Faber, all on different dates; and three others to " Herman Lukofsky and Joseph Epstein." With respect to how all such nine cabs came into the possession of the defendant, its president testified: " Q. Did Harry Faber and a man named Lukofsky store any taxicabs with you? A. Yes, sir. Q. How many? A. Nine, I believe." And again: " Q. These last nine cars you stated belonged to whom? A. They came in claiming they belonged to Harry Faber and Lukofsky. Then I found out Mr. Louis Faber was also interested in them, but to what extent I don't know. But that is the way I took them into the garage."

It will be observed from this testimony that Harry Faber, Louis Faber and Lukofsky were connected with the delivery of the cabs, but there is no testimony connecting Epstein therewith, and defendant's president was unable to say who owned or were interested in them. While the proof with respect to such ownership and authority to store is somewhat more satisfactory than in the first cause of action, there was still lacking proof of what persons brought in any particular cab. Therefore, we are of opinion that with respect to the taxicabs involved in this cause of action there was a ·question of fact with respect to ownership and authority which should have been submitted to the jury.

We are also of opinion that a question of fact with respect to the reasonableness of the defendant's charges was in issue, and it was error, therefore, to exclude testimony offered in behalf of the plaintiff tending to show that such charges were unreasonable.

Furthermore, we are of opinion that there is additional reason for ordering a new trial with respect to each action. There was absence of proof on the part of the defendant to show the amount of supplies furnished to each of the particular taxicabs involved. Its evidence tended to show that so far as gasoline was concerned it was furnished to the cabs out of a movable storage tank, and that no account was kept of the particular number of gallons that was furnished to any particular cab. The same situation obtained with respect to oil furnished.

To justify the establishment of a lien based upon such general proof and not upon items properly segregated with respect to each particular vehicle would require a holding that under section 184 of the Lien Law a garage keeper obtains a general, rather than a specific lien. The difficulty of keeping such a record where supplies are furnished to an owner having a number of cars in storage, is urged upon us as a reason for granting to a garage keeper such general lien. Granting such difficulty exists, it must be remembered that the rights of the conditional vendor must be considered. If the conditional vendor with respect to three cars out of more than

Second Department, February, 1927.    [Vol. 219

that number stored in a particular garage were to have his right of possession to the three defeated by a lien, general to all the cars, it would work an obvious injustice.

The difficulties urged upon us by the defendant, respondent, moreover, may not determine the question. The only source of a paramount lien for the benefit of a garage keeper as against a conditional vendor is found in the section now under consideration, and its extent. must necessarily be measured by the particular provisions thereof. If it were the intention of the Legislature to grant a general rather than a specific lien, such intent should have been plainly evidenced. If the exigencies of a garage keeper's business require such general lien, the statute may be amended to extend rights already conferred.

A close examination of the statute discloses that the lien given to the garage keeper is for storing, maintaining, keeping or repairing " any motor vehicle," or furnishing gasoline or other supplies therefor. A lien is given for the sum due for such storing, maintaining, keeping or repairing " of such motor vehicle," or for furnishing gasoline or other supplies, and it is provided that the person keeping the garage " may detain *such motor vehicle* at any time *it* may be lawfully in his possession until such sum is paid." (Italics ours.) The clear intent of the Legislature in the use of the words quoted is that the lien is a specific one attaching only to a certain motor vehicle for its storage or the furnishing of supplies thereto.

The judgments and orders appealed from should be reversed, and new trials ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL and PROSKAUER, JJ., concur; MARTIN, J., concurs in result.

Judgments and orders reversed and . new trials ordered, with costs to the appellant to abide the event.