COMMERCIAL CREDIT CORPORATION, Plaintiff, *v.* LOUIS MOSKOWITZ and " JOHN DOE," the Name " John Doe " Being Fictitious, the Person Intended Being the Person in Possession of the Car, Defendants.

City Court of New York, New York County, February 23, 1932.

*Dills, Muecke & Schelker* [*Milton Brooke* of counsel], for the plaintiff.
*Simon S. Nessim,* for the defendants.

KAHN, J. In October, 1929, by a conditional sales contract duly filed, plaintiff's assignor sold the truck to defendant Moskowitz.

Under the terms of the contract part of the purchase price was paid at the time of the sale and the balance remaining was to be paid in monthly installments. Thereafter Moskowitz sold his interest in the truck to one Mehler, who stored it in the Apollo Garage, owned by one Schwartz. Subsequently there was a default by the conditional sale vendee, Moskowitz, in the payment of an installment of the balance then due the conditional vendor on the purchase price of the truck. Mehler did not pay the storage charges and thereupon Schwartz to enforce his lien (Lien Law, § 184, as amd. by Laws of 1929, chap. 28) sold the truck pursuant to the provisions of sections 201 and 202 of the Lien Law, after giving due notice of sale to Mehler. No notice of sale was served upon the conditional vendor by Schwartz, who had no knowledge of the existence of the conditional sales contract. By mesne sales from the purchaser at the public auction the truck came into the possession of the defendant Cavazos, where it was when this action was commenced.

Unquestionably, under section 184 of the Lien Law, Schwartz had a valid lien on the truck for the sum due him for storage superior to the rights of the conditional vendor. (*Courtlandt G. & R. Corp.* v. *N. Y. Y. C. Co. S. Agency, Inc.,* 217 App. Div. 4, 5; *National Surety Co.* v. *Gotham Garage,* 127 Misc. 422, 425; *Terminal & Town Taxi Corp.* v. *O'Rourke,* 117 id. 761.) To satisfy his lien Schwartz was entitled to sell the truck (Lien Law, § 200, as amd. by Laws of 1910, chap. 214) upon compliance with the regulatory provisions relating to the sale contained in sections 201 and 202 of the Lien Law.

Section 201 provides that notice of sale shall be served upon any person who shall have given to the lienor notice of an interest in the property subject to the lien. The legality of the sale held in this case is challenged by plaintiff on the ground that the notice of sale provided for in section 201 of the Lien Law was not served upon the conditional vendor. It is urged that upon filing the conditional sales contract as provided by Personal Property Law, sections 65 and 66 (as added by Laws of 1922, chap. 642),* the conditional vendor becomes a person who is deemed to have given to the lienor notice of an interest in the property subject to the lien and is, accordingly, entitled to notice of sale.

It must be remembered that the reservation of title contained in a filed conditional sales contract is effective only as against subsequent *bona fide* purchasers from the conditional vendee. (Pers.

---

* Section 66 was last amended by Laws of 1930, chap. 874.—[REP.

Prop. Law, § 65; *Goetschius* v. *Brightman*, 214 App. Div. 158, 159.) A purchaser of a motor vehicle at a lienor's public sale is obviously not a purchaser from the conditional vendee and his rights are not affected by the reservation of title contained in a conditional sales contract. The statute, however, provides the conditional vendor with a means of protecting his interest in the property subject to the lien by assuring him notice of sale if he shall have given the lienor notice of his interest. It is urged that filing of the conditional sales contract in this case constituted notice from the conditional vendor to Schwartz and satisfied the requirements of the statute. *National Surety Co.* v. *Gotham Garage* (127 Misc. 422) is cited by plaintiff in support of this contention.

I am unable to agree with this view. The statute plainly says that the lienor shall serve notice of sale only upon persons who shall have given him notice of an interest in the property subject to his lien. It is clear that actual notice to the lienor was intended and not the notice implied in law from the filing of the conditional sales contract. There is nothing in *National Surety Co.* v. *Gotham Garage (supra)* in conflict with these views. It appears from the prevailing opinion in that case (at p. 426) that the lienor had actual notice that the mortgagor in possession who ordered the repairs was not the actual owner of the car and was still in debt to a finance corporation on account of the purchase price — a circumstance that is absent in this case.

It follows that the complaint should be dismissed and defendant awarded possession of the truck, or, if possession cannot be given, the value thereof, to wit, the sum of $400, with interest from June 4, 1930. Submit findings on notice.