First Judicial District Court, Somerset County.

WILLIAM C. WALLACE, PLAINTIFF, v. TERPIS GARAGE, DEFENDANT.

Decided July 5, 1939.

For the plaintiff in replevin, *Philip J. Levin*.

For the defendant, lien claimant, *George W. Allgair*.

Pope, D. C. J. The essential facts involved are not disputed. The garage keeper furnished services and supplies to the automobile of the plaintiff in replevin. He released the car from his control although the bill was unpaid. Subsequently, the garage keeper acting through a bailiff, seized the car and took it into his possession and claims a lien on the car under the Garage Keepers' Lien act, *R. S.* 1937, 2:60-21, 2:60-22. The plaintiff in replevin demanded a statement of the amount claimed and a statement was furnished claiming $9.14 for services and an additional charge of $10 for fees and expenses claimed to have been expended by him in the seizure of the automobile.

The $9.14 due for services rendered is not disputed. Upon receipt of the bill the plaintiff in replevin tendered the garage keeper $9.14 and demanded possession. The garage keeper refused to deliver the car without the payment of the additional $10 for fees and expenses. The only question involved is whether or not, under the act, the garage keeper is entitled to charge $10, or any other sum for bailiff's fees and expenses of seizure.

Under the common law a workman had a lien on personal property for repairs and the right to retain possession of the property to enforce the payment of his bill. But he lost his

lien if he allowed the chattel to leave his possession. He could not thereafter seize it. The right of a garage keeper to enforce such a lien in New Jersey is purely statutory and the statute being in derogation of the common law must be strictly construed. *R. S.* 1937, 2 :60-23 provides that the owner upon learning of the detention of his property may immediately demand from the garage owner a statement of the true amount claimed to be due for the *storing, maintaining, keeping or repairing of such motor vehicle, or for furnishing gasoline, accessories or other supplies therefor.* (Italics mine.) If upon receiving such statement he considers the amount thereof excessive he may offer what he considers to be reasonably due and demand possession. If this be refused, he may obtain possession by depositing the amount claimed in the statement with the clerk of a court of competent jurisdiction, together with $10 to cover the costs of court. And under *R. S.* 1937, 2 :60-24 may sue out a writ of replevin.

If no proceedings are taken for repossession the motor vehicle may be sold after the expiration of thirty days. *R. S.* 1937, 2 :60-29.

*R. S.* 1937, 2 :60-31 provides for the disposition of the proceeds of the sale. "The proceeds of the sale shall be applied to the payment of the lien and the *expenses of sale.* The balance, if any, shall be paid to the owner * * *." It is significant that in neither *R. S.* 1937, 2 :60-23 nor in *R. S.* 1937, 2 :60-31 is there any mention of expenses incident to the seizure of the motor vehicle. And in *R. S.* 1937, 2 :60-31 the only expenses to be deducted are the expenses of the sale.

If the legislature intended that the garage keeper could also charge the owner for the reasonable expenses of seizure such authorization certainly would have been inserted either in *R. S.* 1937, 2 :60-23 or 2 :60-31, or in both. Being unable to find any authority in the statute for the imposition of the expenses of seizure, my conclusion is that they are unauthorized and should be disallowed.

The plaintiff in replevin is entitled to judgment for possession. The garage keeper is entitled to $9.14 less the costs of replevin to be taxed by the clerk. After deducting the costs, the balance of the $9.14 to be paid to the garage keeper.

An appropriate order may be entered.