The determination appealed from should be reversed and the order of the City Court reinstated.

PECK, P. J., BREITEL, RABIN and COX, JJ., concur.

Determination unanimously reversed, with costs to the appellant in this court and in the Appellate Term, and the order of the City Court reinstated.

MANUFACTURERS TRUST COMPANY, Respondent, v. FREDRICK STEHLE et al., Individually and as Copartners Doing Business as SUYDAM AUTO BODY WORKS, Appellants.

First Department, May 8, 1956.

*Irving G. Schleimer* of counsel (*Norman Weiner* with him on the brief), for appellants.

*William J. Granger* of counsel (*Simpson Thacher & Bartlett* and *Robert W. Bjork* with him on the brief; *Martin L. Stein*, attorney), for respondent.

BERGAN, J. In 1953, Herman Cohen bought a 1950 Buick automobile with money borrowed from plaintiff bank. He executed a chattel mortgage on the vehicle to secure the loan on October 5, 1953, payable in installments. The mortgage by its terms provided that the transfer of title from the mortgagor to mortgagee set up in the instrument would be void if the mortgagor paid the installments thereby undertaken, beginning November 5, 1953. The instrument additionally gave to the mortgagee on default the right to possession without notice or demand.

The mortgagor defaulted on the payment of the first installment. The condition of the mortgage not having been met, plaintiff mortgagee became the legal owner of the vehicle and its title thereupon became " absolute " (*Langdon* v. *Buel,* 9 Wend. 80, 84; *Parshall* v. *Eggert,* 54 N. Y. 18, 23; *Brownell* v. *Hawkins,* 4 Barb. 491; *Harrison* v. *Hall,* 239 N. Y. 51, 52; *Bragelman* v. *Daue,* 69 N. Y. 69; *Matter of Prudential Ins. Co.* v. *McGoldrick,* 256 App. Div. 205, affd. 281 N. Y. 595; *Feldman Lbr. Co.* v. *Buttiglione,* 64 N. Y. S. 2d 777, affd. 271 App. Div. 968).

After defaulting on the payment of the first installment on the mortgage, Cohen, whose residence was stated in the mortgage to be in Bronx County, transferred and conveyed the mortgaged vehicle to D. & W. Used Car Exchange in Queens. This was on November 12, 1953, and was without the knowledge or consent of plaintiff mortgagee. On November 18, 1953, D. & W. Used Car Exchange sold the vehicle to Vito Panebianco of Brooklyn. In January, 1954, the car was damaged in a collision and was taken by Panebianco for repair to the shop of defendants doing business as Suydam Auto Body Works.

Repairs were made, and the question presented on this appeal is whether the rights in the vehicle of plaintiff under the chattel mortgage are superior to the lien for repairs asserted by defendants. The Municipal Court and the Appellate Term have held in favor of the chattel mortgagee. We think the case has been correctly decided.

A lien for the storage or repair, among other things, of a motor vehicle exists by virtue of section 184 of the Lien Law in favor of a garageman where the vehicle has been stored or the work done " at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise ". Appellants concede in their brief that " Paniebanco [Panebianco], not being the original mortgagor, is not a technical owner, conditional vendee or mortgagor in possession."

Appellants argue, however, that he falls within the classification " or otherwise ". These words refer back to the word " owner ". The sense of this becomes apparent from the sequence and stress of words used earlier in the same sentence. When the emphasis of " owner, whether such owner be _ * * * or otherwise " is seen in context, the words " or otherwise " can be read only to refer to an owner.

The rule of *ejusdem generis* requires that " or otherwise " be read to mean ownership of the same class as conditional vendee or mortgagor. It certainly cannot be read to mean that a person who is in a naked possession and without any form of legal ownership may create such a lien.

Sometimes the consent of the owner may, of course, be spelled out from the possession of the vehicle in the hands of an agent or one who is treated by the court as an agent; and this authority may often be a question of fact addressed to the circumstances surrounding the authority for use (*New York Yellow Cab Co. Sales Agency* v. *Laurel Garage,* 219 App. Div. 329).

Pancbianco was not the owner of this vehicle. His placing the vehicle in the hands of defendants for repairs is not to be treated as the act of the mortgagor Cohen, or by the mortgagor's authority. Cohen had not only lost ownership on November 5th by defaulting on the conditions of his chattel mortgage, but he had renounced ownership shortly after this by transferring the vehicle to someone else. He did not convey a good title; but by the same token he did not continue an authority over the vehicle to create a lawful agency for him in its use; and he was no longer in possession of the vehicle. Hence, the work done by defendants cannot be attributed to the authority of a mortgagor remaining in possession.

The authority must, as it has been seen, be one lawfully derived " from the owner " (*Auto Dealers Discount Corp.* v. *Budd,* 242 App. Div. 37; *Matthews* v. *Victor Hotel Co.,* 74 Misc. 426, affd. 150 App. Div. 928). And where the owner himself does not order the work, the authorization claimed to be derived from him is rather strictly construed (*New York Yellow Cab Co. Sales Agency* v. *Laurel Garage, supra*).

Appellants rely in part on *Commercial Credit Corp.* v. *Moskowitz* (142 Misc. 773, affd. 238 App. Div. 831). The record on appeal in that case indicates that decision rested on a stipulation of fact. The vehicle was sold under a conditional sales contract. Before there was any default, the vehicle " was registered in the name of " another person (238 App. Div. 831, record on appeal, fol. 68). The record is entirely silent as to whether it was sold to the person in whose name it was registered.

Before there was any default in the conditional sales contract, the vehicle was stored by the person in whose name it had been registered; and the question was whether the conditional vendor or the storage lienor had priority in the vehicle. The court held for the storage lienor.

On the appeal in this court, the lienor made the point for the superiority of his lien that the conditional vendee Moskowitz continued to be the owner of the vehicle and that "there is no evidence that he ever *lost* ownership, and that the presumption is that such ownership continued." (*Commercial Credit Corp.* v. *Moskowitz,* 238 App. Div. 831, *supra,* respondent's brief, p. 5.) It has been seen that the stipulation of fact in that case was silent about the transfer of ownership; and disclosed merely that there was a transfer of registration. It seems to have been argued from this that the new registrant had authority from the owner to store the vehicle; but the brief also pursues the alternative argument that the new registrant became the "owner" and able to create the storage lien, apparently without regard to restrictions arising from the conditional sale (*Commercial Credit Corp.* v. *Moskowitz, supra,* respondent's brief, p. 6).

The stipulation of fact showed that the actual placing of the vehicle for storage by the transferee and the beginning of the period of storage claimed were earlier in date than the license transfer. The vehicle was first stored December 1st; the transfer was December 29th. From this sequence it could be found that the conditional vendee had authorized the storage before he made the license transfer.

For some reason which the record or briefs do not disclose, the parties in their stipulation of facts seemed to have avoided showing what kind of title the new registrant took and how he took it. Nearly all the argument pursued in the briefs was addressed to the question of compliance by the storage lienor with statutory requirements for notice of his lien to the conditional vendor. The entire argument of appellant, indeed, was devoted to that question. The opinion in the City Court (142 Misc. 773, 774) also was directed to that point, and the court accepted without discussion the general proposition that "[u]nquestionably" the storage lien was "superior to the rights of the conditional vendor." Affirmance in this court was without comment or opinion.

We think that case is distinguishable from the one before us in part because the title of the mortgagee had here become absolute upon default before the attempted sale by the mortgagor; and because here the actual sale by the mortgagor is

clearly and unequivocally stipulated; while in the *Moskowitz* case (*supra*) it was left open and indefinite enough to allow the argument to be pursued that the conditional vendee continued to be owner, and inferentially gave authority to store the vehicle. To the extent that these differences may be regarded as insufficient to distinguish the cases, we decline to apply the rule of priority that may be implicit in the *Moskowitz* decision (*supra*) to the facts of the case now before us.

It is not perhaps fully possible to lay down a rule that will always operate with entire fairness between a lienor for storage or repairs and a conditional vendor or chattel mortgagee. The garageman is in a position of some practical disadvantage when the act of the conditional vendee by transferring a car registration has made it possible for a transferee to have a registration without being the " owner " and without being deemed to act on the authority of the owner in incurring garage charges.

The garageman should be able usually to regard himself safe enough when he is shown a registration certificate, and, of course, he is protected by the statute when the work is ordered by the conditional vendee or the mortgagor owner in possession. But where there is a default in the mortgage by which the conveyance to the mortgagee becomes absolute, or where the title of the conditional sales vendor similarly becomes absolute, the rights of the parties should be determined according to the sense of the statute. We read that to mean that the work must be requested or consented to by the owner; and that mere possession, without legal ownership where the legal ownership has vested in the mortgagee or conditional vendor does not authorize the creation of a superior lien.

The determination of the Appellate Term should be affirmed, with costs.

PECK, P. J., BREITEL, BOTEIN and FRANK, JJ., concur.

Determination unanimously affirmed, with costs.