Chief Judge Desmond.
 

 After a trial of this suit for conversion plaintiff was awarded money damages against defendant, a repairer of automobiles. The theory of suit and recovery was that defendant, when it sold a certain automobile at auction to satisfy its lien thereon for an unpaid repair bill, acted unlawfully and to plaintiff’s damage since the automobile was 1
 
 ‘
 
 owned ’ ’ by plaintiff which had not ordered or authorized the repairs.
 

 One Caggiano had in June, 1957 bought the car new from Jericho Motors, Inc., and by signing a conditional sale contract in the usual form had agreed to pay the unpaid balance of the price in monthly installments. The contract, which expressed the usual reservation of title in the vendor until full payment, was duly filed in a City Clerk’s office and was then assigned by Jericho to plaintiff. The assignment was not filed. No install-
 
 *229
 
 meat payment on the contract was ever made but it remained in the possession of conditional vendee Caggiano. In August, 1957 the car suffered collision damage and at Caggiano’s order defendant did $1,411.25 worth of repair work on it. When the repair bill went unpaid, defendant, claiming an
 
 “
 
 artisan’s lien ” under section 184 of the Lien Law, caused the car to be sold at auction in April, 1958 (the alleged conversion) and bought it in for $1,400. Notice of sale had been sent by registered mail to Caggiano (but not to plaintiff or its assignor) and had been published twice in a newspaper (see Lien Law, § 201).
 

 The failure to serve notice of sale on plaintiff or its assignor was mentioned during the trial and in the Trial Justice’s opinion. However, the only basis for plaintiff’s recovery as urged by it and specified by the trial court (Appellate Division affirmed without opinion) was that, since the conditional vendee had defaulted as to payment, absolute title to the automobile was in plaintiff as the conditional vendor’s assignee and, therefore, defendant’s rights under its artisan’s lien were subordinate to plaintiff’s. Or, as the Trial Justice put it: “ Caggiano had mere naked possession of the vehicle without legal ownership when he left it with defendant and could not authorize the repairs without the consent or request of the owner ’ ’.
 

 On the contrary, we think that Caggiano as a conditional vendee in possession could and did create a valid and prior lien in favor of defendant repairman under section 184 of the Lien Law which, among other things, says that: “ A person keeping a garage * * * or place for the * * * repair of motor vehicles * * * and who in connection therewith * * * repairs any motor vehicle * * * at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle * * * for the sum due for such * * * repairing of such motor vehicle * * * and may detain such motor vehicle * * * until such sum is paid ”.
 

 Section 184 has been authoritatively construed as meaning that a repairman’s lien for work or services authorized by a conditional vendee or mortgagor has priority over the interest of a conditional vendor or chattel mortgagee
 
 (New York Yellow Cab Co.
 
 v.
 
 West Manhattan Garage Corp.,
 
 245 N. Y. 612;
 
 Com
 
 
 *230
 

 mercial Credit Corp.
 
 v.
 
 Moskowitz,
 
 142 Misc. 773, affd. 238 App. Div. 831;
 
 Courtlandt Garage & Realty Corp.
 
 v.
 
 New York Yellow Cab Co. Sales Agency,
 
 217 App. Div. 4). Decisions cited by the trial court
 
 (Manufacturers Trust Co.
 
 v.
 
 Stehle,
 
 1 A D 2d 471;
 
 Bankers Commercial Corp.
 
 v.
 
 Mittleman,
 
 21 Misc 2d 1096) turned on different and controlling facts. A holding that the artisan’s lien somehow disappears or is defeated because the conditional vendee in possession is behind in his payments would be inconsistent with the language and spirit of section 184 and with old and well-considered cases. The present controversy illustrates this. Despite his defaults the vendee was allowed to keep and drive the car and when it met with an accident he had it repaired. The statute in terms gave the repairman a lien for his work in putting the car back in usable and salable condition for the benefit of all concerned.
 

 In at least two other States there are decisions of their highest courts on statutes quite like ours, each of which decisions allows priority of such a lien over a pre-existing and filed chattel mortgage
 
 (Smith Auto Co.
 
 v.
 
 Kaestner,
 
 164 Wis. 205;
 
 Mortgage Securities Co.
 
 v.
 
 Pfaffmann,
 
 177 Cal. 109). Both these decisions emphasize that the possessory character of the lien logically and necessarily includes priority over those who claim ownership rights.
 

 Neither brief in this court argues that defendant’s failure to give plaintiff notice of the auction sale made the sale a conversion. However, in one sense the question is in the case since the absence of notice was brought to the trial court’s attention although no argument of law was made thereon. The only statutory requirement for notice seems to be section 201 of the Lien Law which requires service of notice personally on the “ owner ” if he can be found and if he cannot be found then on the person for whose account the chattel is held, but if he cannot be found then by mail to the latter, there being a requirement also of service of the notice of sale in similar manner “ upon any person who shall have given to the lienor notice of an interest in the property subject to the lien”. The quoted language apparently refers to those persons only who have given the lienor actual notice of their claimed interests in the car (see
 
 Commercial Credit Corp.
 
 v.
 
 Moskowitz,
 
 142 Misc. 773, 775, affd. 238 App. Div. 831,
 
 supra).
 

 
 *231
 
 The judgment should be reversed and the complaint dismissed, with costs in all courts.
 

 Judges Dye, Fuld, Van Voorhis, Burke, Foster and Scileppi concur.
 

 Judgment reversed, etc.