Alexander Salottolo, J.
Motions No. 118 and No. 151 are consolidated.
Plaintiff moves for summary judgment and other relief. Defendant cross-moves for summary judgment and other relief.
On June 27, 1963, Lonnie Hieklin bought a car under a retail installment contract from Ellison Motors, Inc. Said contract was assigned to plaintiff by Ellison Motors, Inc. Mr. Plieklin was in default under said contract. Plaintiff’s husband, an attorney, had ordered the car repossessed since June 16, 1964 but the car could not be found.
In November, 1964, plaintiff’s husband received a copy of an auctioneer’s notice of mechanic’s lien foreclosure. The auctioneer told plaintiff’s husband that said car was registered in the name of Rosa Hieklin. Plaintiff’s husband demanded the return of the car, and defendant did not respond to the demand. At an examination before trial, defendant’s president admitted that on September 28, 1964, an unidentified man brought the car into defendant’s garage to repair a water pump. That man never returned to recover the car.
The plaintiff instituted this action for conversion. The defendant interposed a counterclaim based upon its alleged artisan’s lien.
In Motor Discount Corp. v. Scappy & Peck Auto Body (12 N Y 2d 227) the Court of Appeals stated the following (pp. 229-230): “ Section 184 has been authoritatively construed as meaning that a repairman’s lien for work or services authorized by a conditional vendee or mortgagor has priority over the interest of a conditional vendor or chattel mortgagee (New York Yellow Cab Co. v. West Manhattan Garage Corp., 245 N. Y. 612; Commercial Credit Corp. v. Moskowitz, 142 Misc. 773, affd. 238 App. Div. 831; Courtlandt Garage & Realty Corp. v. New York Yellow Cab Co. Sales Agency, 217 App. Div. 4). Decisions cited by the trial court (Manufacturers Trust Co. v. Stehle, 1 A D 2d 471; Bankers Commercial Corp. v. Mittleman, *609 21 Misc 2d 1096) turned on different and controlling facts. A ¡holding that the artisan’s lien somehow disappears or is defeated because the conditional vendee in possession is behind in his payments would be inconsistent with the language and spirit «of section 184 and with old and well-considered cases.”
In the Motor Discount Corp. case (supra) the Court of Appeals held that Commercial Credit Corp. v. Moskowitz (142 Misc. 773, affd. without opn. 238 App. Div. 831) is one of the controlling cases for their decision.
In Manufacturers Trust Co. v. Stehle (1 A D 2d 471) decided prior to and referred to in the Motor Discount Corp. case, the Appellate Division distinguished the Commercial Credit Corp. case on the basis that in the Commercial Credit Corp. case, there was no default by the conditional vendee prior to the time rthat the registration was changed to the person who brought "the car to the garage, whereas in Manufacturers Trust Co. the "title of the mortgagee had become absolute upon default before "the attempted sale by the mortgagor.
In Motor Discount Corp. v. Scappy & Peck Auto Body (supra) the Court of Appeals clearly overruled a holding that the garage-man’s lien is defeated because the conditional vendee is in default (see 15 Syracuse L. Rev. 280).
Therefore, the Court of Appeals has overruled the distinction on the law between Manufacturers Trust Co. v. Stehle (supra) and Commercial Credit Corp. v. Moskowitz (supra).
I hold that Motor Discount Corp. v. Scappy & Peck Auto Body (supra) and Commercial Credit Corp. v. Moskowitz (supra) must be applied to the facts in this case now before the court.
Furthermore, section 9-310 of the Uniform Commercial Code provides the following: ‘ ‘ When a person in the ordinary course of his business furnishes services or materials with respect to goods subject to a security interest, a lien upon goods in the possession of such person given by statute or rule of law for such materials or services takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise.”
Section 184 of the Lien Law as amended and effective September 27, 1964 reads as follows: “ A person keeping a garage, hangar or place for the storage, maintenance, keeping or repair of motor vehicles or of motor cycles as defined by the vehicle and traffic law, or of motor boats as defined by article seven of the navigation law, or of aircraft as defined by article fourteen, of the general business law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle, *610 motor cycle, motor boat, or aircraft or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether or not such motor vehicle, motor cycle, motor boat or aircraft is subject to a security interest, has a lien upon such motor vehicle, motor cycle, motor boat or aircraft for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle, motor cycle, motor boat or aircraft or for furnishing gasoline or other supplies therefor and may detain such motor vehicle, motor cycle, motor boat or aircraft at any time it may be lawfully in his possession until such sum is paid, except that if the lienor, subsequent to thirty days from the accrual of such lien, allows the motor vehicle, motor cycle, motor boat or aircraft out of his actual possession the lien provided for in this section shall thereupon become void as against all security interests, whether or not perfected, in such motor vehicles, motor cycle, motor boat or aircraft and executed prior to the accrual of such lien, notwithstanding possession of such motor vehicle, motor cycle, motor boat or aircraft is thereafter acquired by such lienor. ’ ’
Section 10-105 of the Uniform Commercial Code provides that the act shall take effect on September 27, 1964.
The car in issue herein was brought to the garage on September 28, 1964, the day after the effective date of the Uniform Commercial Code. Therefore, it appears that section 9-310 of the Uniform Commercial Code and the amended section 184 of the Lien Law apply herein.
In any event, Motor Discount Corp. v. Scappy & Peck Auto Body (supra) is the controlling law whether the Uniform Commercial Code applies or not.
Therefore, I hold that defendant’s lien has priority over the plaintiff.
Accordingly, defendant’s cross motion for summary judgment on the counterclaim is granted to the extent of directing an assessment on June 14, 1965. Judgment shall then be entered in favor of the defendant and against the plaintiff for the amount found upon the assessment. Let a copy of this order be served upon the Calendar Clerk without undue delay. If notice of trial has not yet been filed in this action, let it be served and filed promptly. The complaint is dismissed.
Plaintiff’s motion is denied.