107 N.J. Super. 463 (1969)
259 A.2d 6
ONONDAGA TRUCK LEASE INC., A CORPORATION, PLAINTIFF,
v.
VICTOR C. HOVELL, INDIVIDUALLY AND t/a CIRCLE SERVICE, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division  Civil.
Decided November 14, 1969.
*464 Mr. Norman Malzberg attorney for plaintiff.
Mr. Joseph J. Talafous argued the cause for defendant.
COZZI, J.C.C.
This is a proceeding under the Garage Keeper's Lien Act, N.J.S.A. 2A:44-21 et seq., wherein it is undisputed that defendant is the owner and operator of a gasoline service station and he furnished fuel, oil, services and accessories to 10 tractors and 15 trailers owned by plaintiff Onondaga Truck Lease Inc., and leased to Seaboard Transport Corp., not a party to this action. Defendant supplied and serviced the leased vehicles pursuant to a book account with Seaboard Transport Corp., payable monthly. He supplied and furnished said vehicles from December 16, 1968 to March 5, 1969 for the amount of $2,663.41. Seaboard defaulted in paying the aforesaid bill, and defendant on March 5, 1969 caused a constable to seize and detain one of the vehicles, White Tractor Trailer, Serial No. 628240, serviced pursuant to the Garage Keeper's Lien Act. Thereafter plaintiff owner, Onondaga, replevied the vehicle, posting a bond in accordance with the terms of said statute. Defendant counterclaimed for the sum of $2,663.41, the claim amount of the lien and book account, and $210 for storage charges for the tractor-trailer. It appears from the evidence that Seaboard and Onondaga, in the presence of Joseph Landano, shared office space and its facilities and that Landano was president and director of Onondaga Truck Lease Inc.
The evidence further discloses that Onondaga Truck Lease Inc., lessor, was aware of, acquiesced and participated in the entension of credit to its lessee and ratified the actions of its officer, Landano, during the extension of credit and consequent book account. In fact, at times he included his charges for gas and oil supplied to his personal car in that *465 account. After the seizure by the constable, Landano offered and delivered to defendant the plaintiff's check for $2,820 in full payment thereof, but later stopped payment.
The sole question for determination by this court is whether defendant is entitled to a lien against the seized vehicle under the Garage Keeper's Lien Act to the full extent of the entire book account, supplies and services, or is he limited to the amount due and owing for gas, etc., supplied specifically to the seized vehicle? There is no exact case in point in this State.
In the absence of a statute conferring a lien, one who furnishes gas, oil, etc., for a motor vehicle is not entitled to a lien. However, such a lien may arise by statute. In New Jersey, such a statute, N.J.S.A. 2A:44-21, has been enacted and, in part, reads as follows:
A garage keeper who shall store, maintain, keep or repair a motor vehicle or furnish gasoline, accessories or other supplies therefor, at the request or with the consent of the owner or his representative, shall have a lien upon the motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle or for furnishing gasoline, accessories or other supplies therefor, * * *. (Emphasis added)
The statute is in some respects declaratory of the common law artisan's lien, except that it extends to motor vehicles for services and specified materials and services furnished, not known at common law.
Therefore, the Garage Keeper's Lien Statute is the sole source of authority for creating such a lien and the added right to repossess to enforce payment thereof. However, the statute must be strictly construed since it is in derogation of the common law. Wallace v. Terpis Garage, 17 N.J. Misc. 183, 7 A.2d 795 (1939). Also compare, Windsor Const. Corp. v. Budny, 93 N.J. Super. 235 (App. Div. 1966).
The statute clearly states that the "garage keeper shall have a lien upon the motor vehicle or any part thereof for the sum due for such storing, maintaining, keeping or *466 repairing of such motor vehicle or for furnishing gasoline, accessories, or other supplies therefor * * *." (Emphasis added).
Manifestly, by the plain language of the statute, the lien is limited to the vehicle serviced and can not be extended to include therein a lien to other vehicles serviced or supplied.
In an analogous situation construing a similar statute, the court in N.Y. Yellow Cab Co. v. Laurel Garage, 219 App. Div. 329, 219 N.Y.S. 671 (Sup. Ct. 1927), held that the statute created a specific lien on the vehicle serviced and not a general lien embracing other vehicles serviced. Compare, Susi v. Belle Action Stables, Inc., 261 F. Supp. 219, S.D.N.Y. (1966).
Accordingly, defendant is limited to a specific lien for the amount due and owing for supplies and services rendered to the particular vehicle seized.
At the oral argument, respective counsel stipulated that the amount due on the lien for the specific vehicle, including storage, is $401.89, for which amount this court hereby grants judgment to the defendant on his claim embraced in his answer, together with costs.