*666 OPINION OF THE COURT
Guy G. Ribaudo, J.
Plaintiffs motion and defendant B. J. Auto Make Ready Corp.’s cross motion are consolidated for disposition.
Plaintiff moves for an order pursuant to CPLR 3212 for summary judgment and for an order dismissing defendant’s counterclaim. Defendant B. J. Auto cross-moves for summary judgment.
FACTS
Plaintiff commenced this action for recovery of a 1976 Datsun or $2,460 which is due and owing pursuant to a security interest. On or about June 13, 1977, Avraham Soltes purchased a 1976 Datsun automobile in which he gave a security interest to the Lenox Savings Bank. Lenox Savings Bank, the secured party, duly filed, in the office of the New Jersey Division of Motor Vehicles, its secured interest. Shortly thereafter, all rights under the security interest were duly assigned together with the underlying promissory note to the plaintiff. The complaint states that Avraham Soltes failed to make payments provided by the terms of the security agreement and that he was indebted to the plaintiff for $2,460 as of October 1, 1977 which represented a balance due under the terms of the security agreement plus interest. Having defaulted, the plaintiff contends that it was entitled to possession of the chattel which was the collateral for the indebtedness.
Prior to the purchase of said automobile by Avraham Soltes, the defendant, Sara Soltes, was awarded $3,000 in Supreme Court, New York County, for counsel fees and expenses and a judgment was entered in her favor against her husband Avraham Soltes.
Defendant Sara Soltes contends that despite her unsuccessful efforts to collect the afore-mentioned sum pursuant to the judgment entered therein, she finally caused execution to be issued to the Sheriff of Nassau County at which time a seizure was made of the Datsun automobile registered in the aforesaid name of Rabbi Avraham Soltes.
The vehicle was sold pursuant to an execution by the Sheriff of Nassau County for the sum of $900. No funds were received by the defendant. Defendant’s attorney admits that he purchased the 1976 Datsun on behalf of the defendant Sara Soltes *667 on or about September 12, 1977. Defendant and her attorney acknowledge that the said automobile was purchased subject to a security interest on the said vehicle at the public auction.
Plaintiff contends that the defendant, with knowledge of the plaintiff’s security interest in said vehicle, purchased the said automobile in violation of the plaintiff’s rights and had the vehicle stored with the codefendant, B. J. Auto Make Ready Corp., and that the defendants wrongfully detained the vehicle from her. Prior to the commencement of this action, plaintiff duly demanded immediate possession of the chattel from the defendant, but the defendants refused to deliver same to the plaintiff.
CONCLUSION
To begin with, the cross motion papers do not include an affidavit from Sara Soltes. The major arguments are solely based on an affirmation of an attorney, an individual without personal knowledge of the underlying facts. It has been consistently held that in a motion for summary judgment, an affidavit of an attorney who has no personal knowledge of the facts has no probative value and must be disregarded. (Israelson v Rubin, 20 AD2d 668, affd 14 NY2d 887; Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 339.)
There is no dispute that the security interest of the plaintiff’s assignor antedated the alleged storage charges. Defendant, B. J. Auto Make Ready Corp., contends that its alleged lien for storage charges is superior to the secured interest of the plaintiff. The facts, however, demonstrate that the security interest of the plaintiff’s assignor was, in fact, perfected under New Jersey law and it is superior to the storage charges claimed by defendant. (Uniform Commercial Code, § 9-103, subd [2], par [a]; subd [4].)
The parties agree that the requirements for perfecting the security interest of plaintiff’s assignor are governed by New Jersey law. The pertinent statute that governs this situation is section 39:10-11 of the New Jersey Motor Vehicle and Traffic Law. This section states that the security interest is perfected by making a notification of the name, business or residence address of the secured party on the certificate of title and subsequent presentation of the document to the Director of the Motor Vehicle Department. (Ford Motor Credit Co. v Shapiro, NYLJ, March 14, 1979, p 10, col 2.) Annexed *668 thereto is an exemplified copy of a certificate of ownership clearly demonstrating that the statute was complied with.
Defendant B. J. Auto Make Ready Corp.’s contention that the pertinent section applicable here is section 9-310 of the Uniform Commercial Code. This section states that an individual who, in the course of his business, furnishes some service or materials with respect to goods subject to a security interest has a lien upon those goods in the possession of such person given by statute or rule of law; such material or services takes priority over a perfected security interest unless the lien is statutory or the statute expressly provides otherwise.
While there is merit to the defendant’s legal argument, this court concludes that it has no application to the instant matter. The lien for storage charges was incurred at the specific request of the defendant Sara Soltes some time after the public auction. She had full knowledge that sale of the automobile in question was subject to a security interest in plaintiffs favor as it appeared on the bill of sale. This is evidenced by the defendant’s attorney’s admission in his answer to plaintiff’s written interrogatories. Plaintiff neither requested nor consented to the storage of the said vehicle. (Lien Law, § 184.) In fact, it appears from a review of all the court papers that the defendant attempted to conceal the location of the automobile from the plaintiff’s knowledge. Defendant’s attorney’s contention that the car was placed in the possession of the defendant B. J. Auto Make Ready Corp. after the sale for safekeeping lacks credibility. It would appear that defendant Soltes had other thoughts and intentions which did not include a satisfactory disposition of the secured interest.
Once the subject vehicle was sold at public auction, the defendant, cognizant of the security interest, had a legal obligation to favorably resolve the secured interest of the plaintiff before she could do anything with the automobile.
Any liability incurred with respect to storage of the automobile may well be the responsibility of the person who brought the vehicle in to be stored; in this case, that would appear to be the responsibility of the defendant Sara Soltes. (Hartford Fire Ins. Co. v Albertson, 59 Misc 2d 207, 208.) However, this court is not faced with that issue and makes no determination with respect thereto except to find that the plaintiff did not incur any liability for the said storage charges by reason of *669 defendant Soltes having stored the vehicle at the premises of the defendant B. J. Auto Make Ready Corp. (Manufacturers Trust Co. v Stehle, 1 AD2d 471, 472).
The court has reviewed the allegations of conflict of interest raised by the defendant’s attorney and finds no merit to them. The attempted interjection of matters that are unrelated to the issues herein have no bearing on the disposition of this motion, especially without defendant’s proper raising of this issue by a formal notice of motion. The court fails to discern what conflict of interest exists involving the enforcement of a security interest by plaintiffs assignor on a vehicle purchased by the defendant Sara Soltes. The mere fact that the attorneys for the respective parties are familiar with the background of all litigation between the parties and others not party to the present matter, is not indicative or presumptive of any conflict of interest.
Accordingly, the plaintiff may enter judgment against the defendant Sara Soltes for $2,460 together with costs and interests from October 1, 1977. That portion of plaintiffs motion seeking summary judgment against the codefendant B. J. Auto Make Ready Corp. is denied. Defendant B. J. Auto Make Ready Corp.’s counterclaim is dismissed.