ROBERT SLANK, Respondent-Appellant, v. SAM DELL'S DODGE CORPORATION et al., Appellants-Respondents.

Fourth Department, January 16, 1975.

*Grasso Rivizzigno & Woronov* (*Howard J. Woronov* of counsel), for appellants-respondents.

*Alderman, Alderman, Samuels & Schepp* (*Bernard Samuels* of counsel), for respondent-appellant.

MAHONEY, J. These are cross appeals from an order of Supreme Court, Special Term, which denied cross motions for partial summary judgment. Plaintiff alleges three causes of action, in one of which he seeks damages for conversion of his automobile and in the other two he seeks punitive damages. In their answer, by an affirmative defense, defendants allege justification for detainer of plaintiff's vehicle by virtue of a purported lien under section 184 of the Lien Law, i.e., garageman's lien. By their respective motions, the determinative issue concerning the validity of defendant corporation's purported lien was raised, including the constitutionality of section 184 of the Lien Law. In denying both motions Special Term premised its determination upon the existence of unspecified questions of fact.

On November 8, 1973 plaintiff signed separate purchase order forms for the purchase from defendant corporation of two new vehicles, one being a 1973 Dodge Colt station wagon and the other a 1974 Dodge Coronet station wagon. It appears that the plaintiff wanted a process known as E. C. P. corrosion proofing applied to both vehicles; and that the said rust-proofing process was included in the purchase price of the 1973 vehicle but was an additional "equipment item" on the 1974 vehicle, to be installed by corporate defendant's service department at a cost of $90, for which a separate request form was also signed by the plaintiff on November 8, 1973. Documentary evidence submitted indicates that the E. C. P. corrosion proofing was applied to the 1974 vehicle on November 9, 1973. On November 12, 1973 plaintiff executed two separate retail installment sales agreements to finance his purchase of the respective vehicles and received delivery and possession thereof. The installment purchase agreement relative to the 1974 vehicle did not include the $90 charge for the E. C. P. processing. Thereafter, demand for payment of the $90 charge was made by defendants. On January 4, 1974, when plaintiff returned his 1974 vehicle to defendant corporation's service department for certain warranty repair adjustments, not connected with the rust-proofing process, he declined payment of the demanded $90 charge and his 1974

vehicle was immobilized and possession retained by defendants pending payment by plaintiff of the rust-proofing charge. The instant litigation ensued.

Any unjustified exercise of dominion over property by one who is not the owner or entitled to possession which interferes with the right of possession of another who is lawfully entitled thereto constitutes a conversion. (*General Elec. Co.* v. *American Export Isbrandtsen Lines,* 37 A D 2d 959; *Parkway Mgt. Co.* v. *Wolfson,* 32 A D 2d 306.) In justification of their detention of plaintiff's vehicle, defendants claim a lien thereon under section 184 of the Lien Law.

While conceivably a question of fact might well have been perceived from the pleadings and supporting affidavits and exhibits submitted at Special Term, relative to which vehicle the E. P. C. process had been applied and to which the disputed $90 charge was attributable, the parties on this appeal have tacitly waived and abandoned such issue and we shall accept their implied resolution that the process was, in fact, applied to the 1974 vehicle, the subject of this litigation.

Addressing initial attention, therefore, to the validity of defendant corporation's purported lien, section 184 of the Lien Law, pertinent to the instant case, provides: " A person keeping a garage * * * or place for the storage, maintenance, keeping or repair of motor vehicles * * * as defined by the vehicle and traffic law * * * and who in connection therewith stores, maintains, keeps or repairs any motor vehicle * * * or furnishes gasoline or other supplies therefor at the request or with the consent of the owner * * * has a lien upon such motor vehicle * * * for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle * * * or for furnishing gasoline or other supplies therefor and may detain such motor vehicle * * * at any time it may be lawfully in his possession until such sum is paid ". At common law, a garage keeper had no lien upon a vehicle which could be used at the pleasure of the owner (*Smith* v. *O'Brien,* 46 Misc. 325, affd. 103 App. Div. 596). Said section 184 of the Lien Law, being in derogation of common law, must, therefore, be strictly construed in determining the persons to whom or cases to which it is applicable (*Rapp* v. *Mabbett Motor Car Co.,* 201 App. Div. 283, 287; see, also, *Johanns* v. *Ficke,* 224 N. Y. 513, 518).

Under the facts here presented, an infirmity in defendant corporation's contended lien results from plaintiff's status at the time the request was made for the rust-proofing application to be applied to the vehicle, i.e., November 8, 1973. As reflected

in the signed request order form, plaintiff is identified as a "purchaser" as opposed to an "owner", indicating only his prospective status of being an "owner". Nor can it be factually concluded that at said time plaintiff was in fact the "owner" of the vehicle in question, considering the purchase order form, dated November 8, 1973, culminating in the financing of the purchase by plaintiff's execution of a retail installment contract, dated November 12, 1973, which then presumably vested plaintiff in ownership of the vehicle. While the allegations contained in defendant's answer, in asserting the defense of justification under its purported garageman's lien, implies the rendition of the rust-proofing service to the vehicle on November 12, 1973, unrebutted documentary evidence indicates the actual date of the application to have been on November 9, 1973. It is, therefore, to be factually concluded that at the time plaintiff requested the service in connection with the 1974 vehicle and at the time of the rendition of said service, plaintiff was not the "owner" thereof.

Nor does the fact that the plaintiff, subsequent to the rendition of the service to the vehicle, became the owner thereof satisfy the statutory requirement of ownership, considering the statutory purpose in the enactment of said section 184 of the Lien Law. The entitlement clause of said section 184 refers to "Lien of bailee of motor vehicles". Such entitlement clause is indicative of the intended class to be accorded the benefits of the enactment. Under the factual situation here presented, defendant corporation, at the time of the request and the rendition of the service, could not be said to be a "bailee" of the vehicle on behalf of the plaintiff purchaser herein. From such entitlement clause, combined with a reading of the provisions contained in section 184, it readily appears that the intent of said enactment was to accord a form of security for personal credit extended by the vendor of service and supplies enhancing the value of the specified vehicle. Except for storage claims, it would further appear to be designed and addressed to repair garagemen situations, as opposed to new car sales agencies which, as a practical matter, can adequately secure themselves at the time of consummation of the sale and delivery of the vehicle, without being accorded extraordinary lien remedy protection.

Under the facts of this case, defendant corporation has failed to establish a valid lien upon which defendants' asserted defense is predicated. Said defense is, therefore, without merit and should be dismissed. In view of our foregoing disposition, we

do not reach the question of the constitutionality of section 184 of the Lien Law. The case should be returned to Trial Term for assessment of damages resulting from the conversion alleged in the first cause of action and for trial of the issues raised by the additional causes of action in plaintiff's complaint.

WITMER, J. P., MOULE, CARDAMONE and SIMONS, JJ., concur.

Order unanimously modified in accordance with opinion, and as modified affirmed, with costs to plaintiff.