■ ROBERT L. ANDREW et al., Appellants, v ELM CHEVROLET CO., INC., Respondent. — Appeal from an order of the County Court of Chemung County, entered July 1, 1980, which affirmed a judgment of the Justice Court of the Town of Big Flats in favor of defendant. Seeking possession of their automobile or, in the alternative, the reasonable value thereof, plaintiffs commenced this action in the Justice Court of the Town of Big Flats, Chemung County. Defendant had denied plaintiffs possession of the vehicle after they refused to pay a repair bill of $197.20 tendered by defendant for work which it had allegedly done on the automobile. It was plaintiffs' position that they were justified in refusing payment because they had not authorized the repairs which were done and, furthermore, the bill was excessive. Following a trial, a jury verdict was rendered in favor of defendant on October 26, 1979, and plaintiffs thereafter moved in Justice Court to have the verdict set aside and for a new trial. There ensued a hearing after which plaintiffs' motion was denied by order dated January 3, 1980, and on this same date a judgment in the amount of $197.20 was entered in favor of defendant. Plaintiffs then appealed to the Chemung County Court which ultimately affirmed the order and judgment of the Justice Court in the

order which is the subject of this appeal. We hold that the order of County Court should be affirmed. In so ruling we would initially note that the issues as to whether the repairs were authorized and whether the amount of the bill was excessive are factual in nature and were resolved by the jury in favor of defendant. Moreover, there is evidence in the record to support the verdict, which was sustained by both the Town Justice and the County Judge, and nothing presented by plaintiffs warrants our disturbance of the jury's findings (cf. *Alfieri v Lewis Gen. Tires,* 62 AD2d 1135, mot for lv to app den 44 NY2d 647). As for the trial court's failure to charge, in its instructions to the jury, subdivisions 1 and 2 of section 398-d of the Vehicle and Traffic Law, this action was entirely proper because there is no evidence in the record that plaintiffs made the necessary demands of defendant which would have made the subdivisions in question relevant and applicable to this case. Similarly, the court's failure to charge regulation 82.5 of the Commissioner of Motor Vehicles (15 NYCRR 82.5) likewise does not warrant our disturbance of the order appealed from. Not only does the record contain evidence, including an invoice, which indicates that defendant complied with this regulation, but also plaintiffs took no exception to the trial court's failure to charge the subject regulation. Lastly, plaintiffs' contention that certain conduct of defense counsel at trial was improper and prejudicial and denied them a fair trial is lacking in substance. Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.