OPINION OF THE COURT
James J. Brucia, J.
The within proceeding was instituted by petitioner, A-Leet Leasing Associates (A-Leet), seeking cancellation of a notice of lien and sale served and filed by respondent, Fiero and Man-dare Collision Works, Inc. (F & M), with respect to a 1982 Audi automobile. On October 14, 1986, an order was entered granting A-Leet’s motion on default. On May 13, 1987, the court vacated the default and directed a hearing of a special proceeding to determine validity of liens pursuant to Lien Law § 201-a.
Prior to the commencement of the hearing held on August 20, 1987 the court deemed the affidavit of the president of F & M dated January 30, 1987, with seven exhibits attached thereto submitted in support of F & M’s motion to vacate the default of October 14, 1986, F & M’s answer to the petition sufficient to controvert the allegations contained therein.
After hearing based on the testimony and exhibits and after a review of the posttrial memoranda, the court dismisses the petition seeking a cancellation of the notice of lien and finds that the lienor F & M has established the validity of its lien in the sum hereinafter provided.
The testimony at the hearing establishes and the court finds that on or about November 15, 1985 a 1982 Audi automobile was towed into F & M’s collision repair shop in Brooklyn, New York.
Under the date of November 18, 1985, the following documents:
*666 a) Authorization to tow;
b) Authorization to repair; and
c) Designated representative authorization form appointing F & M designated representative, as provided for in regulation 64 of the New York Insurance Department (11 NYCRR part 17), to adjust property damage loss to the vehicle with the assured’s collision carrier;
were all signed by an Anthony J. Ewing of 44 Revere Road, Groton, Connecticut, as owner or person in charge of vehicle and given to F & M.
By virtue of the foregoing documents, F & M arranged with Ewing’s collision insurance carrier, Liberty Mutual Insurance Company (Liberty Mutual), to have the vehicle inspected on November 26, 1985 and the collision claim was adjusted at $6,394.86.
The Liberty Mutual appraiser on the appraisal report identified in writing the owner of the vehicle to be "Anthony Ewing”, the vehicle to be a "1982 Audi with Connecticut License No. 727 DLF and mileage of 102168 miles” (no commas inserted). In addition to a detailed three-page description of damage, labor hours, refinish hours, parts @ list, allocation of hours and price, the appraiser certified and signed above his signature to the following
"This vehicle is x Repairable
"Condition Report x Average.”
During the period from November 26, 1985 to December 20, 1985, the vehicle was repaired. Upon completion of repair, F & M contacted Ewing and Liberty Mutual to receive payment. Payment for the repairs was not forthcoming and the vehicle was retained by F & M awaiting payment.
On or about May 13, 1986, respondent F & M was notified by A-Leet that the 1982 Audi was a leased vehicle, owned by A-Leet and leased to Anthony J. Ewing. F & M, learning for the first time that Ewing was not the owner of the vehicle, demanded payment of the repair bill of $6,394.86 from the. ALeet (the amount of the Liberty Mutual adjuster’s agreed price). Since payment was not forthcoming from A-Leet or Ewing, F & M on June 2, 1986 notified A-Leet by Western Union mailgram: "This is to inform you that since May 13, 1986 there are storage charges of $15.00 daily. After thirty (30) days from this date a mechanic’s lien will go on the car”.
Under date of August 1, 1986, respondent F & M, through *667 its authorized agent, Island Auctioneering Co., Inc., licensed auctioneers and appraisers, served and filed a notice of lien and sale pursuant to the Lien Law on: Anthony Ewing, 44 Paul Revere Road, Croton, Connecticut; and A-Leet Leasing, 1250 Broadway, Hewlett, New York.
The amount of the lien asserted is $7,174.86 based on an invoice initially rendered to Anthony Ewing and subsequently rendered to A-Leet, as follows:
Repairs
Storage
Lien Fee
TOTAL DUE
$6,394.86
680.00
100.00
$7,174.86
The notice of lien and sale states, "3. Estimated Value of such property is $4,000.00”.
The equitable rights of the parties that arise from this notice of lien and proposed sale are before the court for determination.
A-Leet in its brief after trial again argues without merit that because F & M has failed to file an answer, the allegations of fact in the petition were uncontroverted. The court prior to the commencement of the special proceeding pursuant to Lien Law § 201-a deemed the affidavit of the F & M president dated January 30, 1987 with exhibits in support of F & M’s motion to vacate the default of October 14, 1986, F & M’s answer sufficient to controvert the allegations contained in the petition.
A-Leet also argues that F & M has failed to prove that it complied with the requirements of the Lien Law and the Vehicle and Traffic Law in that F & M did not offer any evidence that it was a registered motor vehicle repair shop pursuant to article 12-A of the Vehicle and Traffic Law and accordingly cannot claim a repair lien under section 184 (4) of the Lien Law.
The court rejects this argument as well. Proof has been adduced of F & M’s compliance with the Motor Vehicle Repair Shop Registration Act. Exhibit E in evidence, the Liberty Mutual auto appraisal report dated December 2, 1988, identifies the shop registration No. of F & M to be 6242025 expiring November 30, 1986.
In addition, a copy of F & M’s official Commissioner of Motor Vehicles business certificate No. 6242025 expiring November 30, 1986 stating F & M "is registered and certified as *668 Repair Shop pursuant to the provisions of the Vehicle and Traffic Law” has been furnished to the court as exhibit D attached to F & M’s posthearing memorandum of law. Insofar as said document constitutes a posthearing submission of evidence, A-Leet, prior to the settlement of a judgment herein, may elect to reopen the hearing to force the laying of an appropriate foundation for this document.
The remaining issue is whether an authorization to repair a motor vehicle signed by Ewing, an undisclosed lessee of a written motor vehicle lease who represents himself to the collision shop and insurance adjuster to be the owner and person in charge of the motor vehicle under the circumstances of this case is sufficient to enable the collision repair shop to assert a valid lien on the vehicle.
The salient provisions of the motor vehicle lease dated April 14, 1982 between A-Leet as lessor and Anthony J. Ewing as lessee provide as follows:
"3. Operation: Lessee represents Vehicle will be principally operated and garaged in the State of Connecticut and will be used by Lessee for its business * * * purposes * * *
"5. Maintenance and Repairs: Lessee shall be responsible for all maintenance and repairs to Vehicle and shall maintain the Vehicle in the same condition as leased, subject only to reasonable wear and tear * * *
"6. Insurance: Lessee shall be responsible for providing insurance coverages set forth below protecting the interests of Lessor and Lessee against bodily injury, property damage, comprehensive fire and theft and collision (with maximum deductible limits) as follows:
"C. Collision Damage to Vehicle (deductible) $250.00 Ded.
"Lessee shall deliver such policy to Lessor * * * The insurance policy required above shall be provided by an insurance company licensed under the laws of the State of principal operation and garaging of Vehicle; and shall name Lessor and Lessee as insured parties and Lessor as loss payee. Failure of Lessee to comply with any provision of a policy * * * shall be deemed a default under this lease causing termination. Lessee shall: pay the specified deductible limit as additional rent; notify Lessor immediately upon discovery of any damage or loss to the Vehicle * * * and provide written notice thereof within 24 hours. If Lessee fails to comply with any insurance policy or to notify Lessor and the insurance company of any *669 insured claim, damage or loss to or of Vehicle, Lessee shall nevertheless pay for same as additional rent. As to all insurance, Lessee appoints Lessor as Lessee's attorney-in-fact” (emphasis added).
Thus, it appears that under the foregoing terms of the motor vehicle lease, A-Leet charged Ewing, its lessee, with various obligations consistent with an appearance of ownership of the leased vehicle reserving to itself various contractual safeguards to protect A-Leet’s interest should Ewing breach its obligations to A-Leet.
No proof has been adduced by the petitioner, A-Leet, to establish that the Connecticut license registration for the 1982 Audi was registered in the name of A-Leet as owner-lessor. Nor has A-Leet offered any proof of the insurance coverage on the 1982 Audi establishing the names of the lessor and lessee as insured parties and the name of the lessor as the loss payee. However, some evidence has been adduced from F & M that it, as well as the adjuster for Liberty Mutual, relied on Ewing’s representation and documentation at the time of the collision loss, inspection and appraisal that Ewing was the owner of the vehicle and the collision policy. The court accepts this uncontroverted evidence and finds F & M’s reliance thereon to have been reasonable. A-Leet has apparently cloaked Ewing with authority to register the vehicle in Connecticut, and to obtain collision insurance coverage on the vehicle in Ewing’s name as owner and to authorize the repair of the vehicle. In the absence of any evidence to the contrary, the court can only conclude that the authorization to repair the vehicle was given by or on behalf of the owner.
Accordingly, the court finds that the lienor F & M has established the validity of its lien. The court declines to fix the lien in the sum of $6,394.86 for the repairs, however, since the lienor on the notice of lien has set forth the estimated value of the property to the $4,000 and the same constitutes an admission against interest (see, Fassett v Fassett, 101 AD2d 604). A collision repair shop cannot reasonably be expected to repair for $6,393.86 a vehicle which has then a worth of only $4,000 especially where, as here, the authorization to repair signed by Ewing specifically limited F & M "to prepare for est + SETTLE LOSS WITH INS CO NOT TO EXCEED PRICE OF AUTO" [emphasis added].
*670 Accordingly, the court establishes the lien as follows:
Repairs $4,000
Storage at $5 per day from
5/13/86 to 12/31/87 $2,985
SUBTOTAL................... $6,985
Storage at $5 per day from 1/1/88 to date of
judgment...................... [continuing]
TOTAL........................ $6,985 plus $5 per day
from 1/1/88 to date of judgment.
The sale of the vehicle may proceed upon the expiration of five days after service of a copy of the judgment, together with notice of entry thereon upon A-Leet unless the property is redeemed prior thereto pursuant to section 203 of the Lien Law.
The court notes that by this decision, one innocent party to some extent prevailed over another innocent party because the necessary parties for the final equitable resolution of the broader controversy are Ewing (if he received payment under the insurance policy) and/or Liberty Mutual (if payment was never made). As between the petitioner, A-Leet, and respondent, F & M, the obligation of pursuing Ewing and/or Liberty Mutual more appropriately falls on A-Leet given its express rights under the lease agreement. Further, it was A-Leet that entered into the motor vehicle lease with Ewing, an out-of-State resident, and it was A-Leet that clothed Ewing with the appearance of ownership and the obligation to obtain insurance.