■ In the Matter of NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Respondent, v ELAND MOTOR CAR COMPANY, INC., et al., Appellants. [602 NYS2d 188] —In a proceeding pursuant to CPLR 5225 (b) and 5227 to compel the appellants to turn over to the petitioner certain vehicles in their possession in which a judgment debtor has an interest, the appeal is from (1) an order of the Supreme Court, Westchester County (Delaney, J.), dated October 26, 1990, which granted the petition, (2) stated portions of an order of the same court, entered July 2, 1991, which, *inter alia,* directed the appellants to turn over the proceeds of the auction to the court, and (3) an order of the same court (Colabella, J.), entered September 17, 1991, which, *inter alia,* denied their motion for a stay of enforcement of the order entered July 2, 1991.

Ordered that the order dated October 26, 1990, and the order entered September 17, 1991, are affirmed, and the order entered July 2, 1991, is affirmed insofar as appealed from, with one bill of costs.

International Automobiles, Ltd. (hereinafter International) and its principal stockholder/owner, Leslie Barth, were engaged in the purchase and sale of "collectors' cars". International employed the appellant Eland Motor Car Company, Inc. (hereinafter Eland) a company located in Westchester County, *inter alia,* to repair and store its vehicles. The appellant Andrew Bach is the principal of Eland. International ceased paying the appellants for their services. As a result, the appellants asserted a garageman's lien for unpaid sums owed to them by International. Meanwhile, the petitioner National Union Fire Insurance Company of Pittsburgh, Pa., became a judgment creditor of International. The assets available to satisfy both claims consisted of five automobiles which were in the physical custody of the appellants. Thereafter, three of the

vehicles were sold at an auction, and were purchased by the appellants for $24,000.

The trial court found that the petitioner's judgment was superior to the appellants' lien on the theory that International and the appellants had been acting as a joint venture. We find that a joint venture was not established. However, we do agree with the trial court that Lien Law § 184 is inapplicable. The right of a garageman to a lien for storage charges is in derogation of common law (see, Phillips v Catania, 155 AD2d 866). Therefore, it must be "strictly construed in determining the persons to whom or cases to which it is applicable" (Slank v Dell's Dodge Corp., 46 AD2d 445, 447). In the instant case, the relationship between the appellants and International was far more than that of a garageowner and a car owner. In addition to repairing and storing the vehicles, the appellants would oversee and manage the car collection, for which they would receive a monthly fee. This included periodical inspections of the vehicles and even the subletting of a vehicle for repair work. Further, the appellants assisted International in the purchasing and selling of the vehicles, and for this service they received 10% of the purchase price and 10% of the sale price. Since the appellants did more than just store and repair International's vehicles, we find that the appellants are not entitled to assert a garageman's lien pursuant to Lien Law § 184.

Additionally, the appellants argue that pursuant to Debtor and Creditor Law § 151, they have the right to set off. We disagree. Not only is the appellants' claim untimely (see, CPLR 3018), but Debtor and Creditor Law § 151 is inapplicable to the instant case.

We have considered the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.