OPINION OF THE COURT
Sandra J. Feuerstein, J.
In this special proceeding pursuant to section 201-a of the Lien Law, petitioner, Mercedes-Benz Credit Corporation *355 (MBCC), seeks judgment canceling the lien asserted by-respondent, One Stop Auto & Truck Centers (One Stop), on a 1994 Mercedes-Benz, model E320 automobile (VIN WDBEA92E7RF282369) and granting petitioner immediate possession of said vehicle.
On or about June 23, 1994, a 1994 Mercedes Benz (VIN WDBEA92E7RF282369) was leased pursuant to written agreement by Mauro Motors (Mauro), a Connecticut car dealer, to an individual purporting to be Harold Kantor (Kantor), living in New Jersey. The lease was simultaneously assigned by Mauro to MBCC. A certificate of title listing MBCC as owner was issued in New Jersey. Sometime thereafter, lessee Kantor defaulted under the lease and MBCC became aware of the fact that the vehicle had been leased to a bogus Harold Kantor who had allegedly forged the signature on the lease. On November 16, 1994, a Harold Kanter and presumably the person the lessee sought to portray, executed an affidavit denying that he was the lessee. On that very same date, a person purporting to be Harold Kantor brought the vehicle to One Stop Auto & Truck Centers, Inc. in Nassau County, New York, and authorized an estimate for extensive body work. According to One Stop, both a $200 fee for the repair estimate and storage charges of $50 per day were then orally disclosed and consented to by Kantor.
Following preparation of the estimate, and unable to reach its Harold Kantor at the address and telephone number which he had provided, One Stop held the vehicle for over a year, making minimal, if any, efforts to locate the vehicle’s owner. One Stop has asserted a garageman’s lien, pursuant to section 184 of the Lien Law, in the sum of $20,550, representing storage fees of $50 per day for 400 days, between November 16, 1994 and December 21,1995, a $200 estimate fee and attorneys’ fees of $350. In addition, One Stop seeks additional sums representing storage fees for the period after the lien was filed. MBCC has commenced this proceeding to cancel the lien.
In order to succeed on its lien for storage fees, One Stop must establish that it is a registered motor vehicle repair shop pursuant to article 12-A of the Vehicle and Traffic Law, that it is the bailee of the vehicle, and that it has performed, with the express or implied consent of the owner (Harrison v Rubenfeld, 211 AD2d 698), statutory services at an agreed upon or reasonable price (Matter of National Union Fire Ins. Co. v Eland Motor Car Co., 85 NY2d 725, 730). Except insofar as they establish that One Stop is a registered motor vehicle repair shop, the *356 papers submitted by the parties raise many more questions than they answer.
Despite the fact that it has not demonstrated that the person who delivered the vehicle to it is the same alleged imposter who entered into the lease agreement, One Stop contends that its lien should be upheld pursuant to A-Leet Leasing Assocs. v Fiero & Mandaro Collision Works (138 Misc 2d 664). In A-Leet, a storage lien was upheld against a leasing company, although the authorization to repair the vehicle had come from an undisclosed lessee, because the leasing company had "cloaked [the lessee] with authority” (supra, at 669). Unlike the situation here, in A-Leet there had not been an assignment of the lease and there was no question but that the person who surrendered the vehicle to the repair shop was the person who had leased the car; there was no allegation of fraud at the inception of, and the lessee had not defaulted on, the lease (Manufacturers Trust Co. v Stehle, 1 AD2d 471). In addition, in A-Leet the lessee had provided the repair shop with the name of the collision insurance carrier. There is no indication that One Stop secured any insurance information from "Kantor”, although the estimate provided by One Stop states "Insurance pays $12,038.15”, which may raise an issue as to whether One Stop was also licensed to perform estimates for insurance purposes (Vehicle and Traffic Law § 398-d).
Based upon its claim that its lessee was an imposter, MBCC contends that any services rendered by One Stop were unauthorized since they were not given with the owner’s consent. "As to third persons, the owner must have entrusted the goods to one with actual or apparent authority. Thus, the owner’s interest will not be subjected to a lien arising out of a deposit of his goods by a thief. On the other hand, the warehouseman may be protected because of the actual, implied or apparent authority of the depositor” (Jones v Banner Moving & Stor., 78 Misc 2d 762, 768 [citations omitted]).
Even assuming that One Stop can establish a bailment by the alleged imposter and is entitled to assert a lien, it has failed to prove consent or the reasonableness of the charge of $50 per day. It has also failed to explain its conduct in secreting an obviously valuable vehicle for 400 days following abandonment on its premises after probably being involved in an accident, and any steps it took to ascertain the owner’s whereabouts, to otherwise mitigate its damages and to establish that the vehicle was not being sought by authorities.
However, and insofar as MBCC seeks to distance itself from lessor Mauro and distinguish the facts from those in A-Leet *357 (supra), it is noted that the lease agreement is on an MBCC form, that MBCC has failed to specify when it became aware of the lessee’s deception and default or any steps it took thereafter and the law which should be applied to determine its rights under the lease. As noted above, by amazing coincidence, the affidavit of Harold Kanter is signed November 16, 1994, the date on which One Stop claims Harold Kantor surrendered the vehicle to the garage after it was apparently damaged in a collision. That fact alone may also warrant further inquiry into the knowledge and relationships of these parties.
Although One Stop’s original claim included legal fees and the repair estimate fee as part of the lien, the total of the lien now excludes the amount of $350 for legal fees, mooting that issue.
Insofar as One Stop seeks to include a $200 lien representing the charge for performing the estimate, the court finds that a repair estimate fee is not a proper item for a garageman’s lien.
Pursuant to Vehicle and Traffic Law § 398-d (2), a motor vehicle repair shop may charge a reasonable fee for providing an estimate. However, section 184 (1) of the Lien Law provides that a lien may be imposed upon a motor vehicle only "for the sum due for such towing, storing, maintaining, keeping or repairing of such motor vehicle”.
Being in derogation of the common law, the statute must be strictly construed (Slank v Dell’s Dodge Corp., 46 AD2d 445, 447). Moreover, the purpose of Lien Law § 184 is to provide an assurance to one who enhances the value of a vehicle that compensation for the enhanced value provided will be secured (Matter of National Union Fire Ins. Co. v Eland Motor Car Co., 85 NY2d, supra, at 730; Slank v Dell’s Dodge Corp., 46 AD2d, supra, at 448), and since an estimate for the cost of repairs does not increase the value of the vehicle, the lien is canceled insofar as it seeks the charge for providing an estimate.
The issues raised by the papers preclude a summary disposition and mandate a plenary trial. MBCC shall have 20 days from entry of this order to serve discovery notices. A note of issue may be filed after certification that discovery is complete.
Pending trial or settlement, the sale of the 1994 Mercedes Benz (VIN WDBEA92E7RF282369) is stayed.