*822 OPINION OF THE COURT
Burton S. Joseph, J.
Application by petitioner Archie Munro for a judgment pursuant to Lien Law § 201-a cancelling a garage keeper’s lien filed by respondent Autosports Designs, Inc. (Autosports) is denied in part.
The petitioner is the owner of a rare and exotic motor vehicle, a 1983 Ferrari 512 Boxer, of which respondent Condor Capital Corporation (hereinafter Condor) is a lienholder. In November 1998, the petitioner contacted Autosports, a motor vehicle repair shop in Mineóla, New York, which specializes in the repair of luxury and exotic cars, to repair the damage sustained by his Ferrari in an automobile accident. After the vehicle was towed to Autosports from petitioner’s residence in Stamford, Connecticut, his insurance adjuster, Travelers Insurance Co., inspected the damage caused by the accident and estimated same to total $38,357.73. On or about December 22, 1998, the petitioner went to Autosports and requested additional repairs and labor, evidenced by a detailed handwritten note, which included the complete removal of the engine and the entire interior during the body repairs, the performance of a 15,000-mile service and the replacement of several parts. Those additional repairs were estimated at between $40,000 and $60,000 over the insurance estimate. The petitioner tendered a check for $15,000 as a down payment for the additional repairs.
By job ticket No. 3942, dated April 13, 2000, Autosports invoiced the petitioner for the repair work performed up to that date in the sum of $33,109.98, net of a total of $48,109.98 minus the $15,000 deposit. No payment was received on that invoice. By job ticket No. 4010, of same date, Autosports additionally billed the petitioner the sum of $16,665.03 for other repairs. Faced with the petitioner’s failure to tender payment on those invoices, Autosports filed a notice of lien and sale, dated April 10, 2000, over his vehicle for “Repairs, Parts & Labor” amounting to $49,775.01 plus a “Lien Fee” of $175, for a total of $49,950.01.
By order to show cause and verified petition, returnable July 21, 2000, the petitioner commenced the instant special proceeding seeking a judgment by this court, pursuant to Lien Law § 201-a, cancelling Autosports’ lien over his vehicle. The order (Roberto, J.) granted a temporary restraining order staying the public auction of petitioner’s vehicle. In support of his applica *823 tion, the petitioner argues that he never consented to the estimated amount of the repairs, which are alleged to be excessive and unreasonable, and that Autosports failed to comply with the requirements of Vehicle and Traffic Law § 398-d in providing a proper invoice and obtaining his permission to conduct the repairs. Condor adopts the petitioner’s contentions in supporting the relief requested. In opposition to the petition, Autosports contends that the petitioner not only consented to the repairs and their cost, but requested substantial additional work in his car. This court agrees in part with Autosports.
Commonly known as a garage keeper’s lien, Lien Law § 184 (1) provides, in pertinent part, that a person keeping a registered motor vehicle repair shop or garage “and who in connection therewith tows, stores, maintains, keeps or repairs any motor vehicle * * * at the request or with the consent of the owner * * * has a lien upon such motor vehicle * * * for the sum due for such [services] * * * and may detain such motor vehicle * * * at any time it may be lawfully in his possession until such sum is paid.” The purpose of the enactment is “ ‘to accord a form of security for personal credit extended by the vendor of service and supplies enhancing the value of the specified vehicle’ ” (Matter of National Union Fire Ins. Co. v Eland Motor Car Co., 85 NY2d 725, 729-730, quoting Slank v Dell’s Dodge Corp., 46 AD2d 445, 448). The statute clearly inures to the benefit of a garage owner who can establish the following elements: (1) the garage is the bailee of a motor vehicle; (2) it has performed garage services or stored the vehicle with the vehicle owner’s consent; (3) there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied; and (4) the garage is a duly registered motor vehicle repair shop as required under article 12-A of the Vehicle and Traffic Law (id.; Lien Law § 184 [4]; see, New York Yellow Cab Co. Sales Agency v Laurel Garage, 219 App Div 329, 333).
A vehicle owner faced with a garage keeper’s lien upon his or her car may commence a special proceeding under Lien Law § 201-a, as here, to challenge the validity of the lien. That section provides in part: “If the owner or any such person shall show that the lienor is not entitled to claim a lien in the property, or that all or part of the amount claimed by the lienor has not been properly charged to the account of such owner or such person, or, as the case may be, that all or part of such amount exceeds the fair and reasonable value of the services performed by the lienor, the court shall direct the entry of judgment *824 cancelling the lien or reducing the amount claimed thereunder accordingly. If the lienor shall establish the validity of the lien, in whole or in part, the judgment shall fix the amount thereof, and shall provide that the sale may proceed upon the expiration of five days after service of a copy of the judgment together with notice of entry thereof upon the owner or such person, unless the property is redeemed prior thereto pursuant to section two hundred three of this article. If the lien is cancelled, the judgment shall provide that, upon service of a copy of the judgment together with notice of entry thereof upon the lienor, the owner or person shall be entitled to possession of the property.” Thus, it is a court’s responsibility to determine the reasonableness of the amount claimed in the lien (see, Harrison v Rubenfeld, 211 AD2d 698, 699; Andrew v Elm Chevrolet Co., 81 AD2d 937, 938; Mercedes-Benz Credit Corp. v One Stop Auto & Truck Ctrs., 170 Misc 2d 354, 355).
Applying these principles to the matter at bar, the petitioner has failed to establish an entitlement to the outright cancellation of Autosports’ lien on his vehicle. To the contrary, Auto-sports has established to this court’s satisfaction its compliance with the Vehicle and Traffic Law and the validity of the lien — except for the reasonableness of the amount charged therein. The parties do not dispute that Autospórts is a properly registered repair shop or that it substantially repaired, restored and garaged petitioner’s car; indeed, the petitioner never swears that he did not authorize the work performed or that he did not timely receive the work order or invoice. The only real dispute is the reasonableness of the amount charged by Autosports for the undisputedly substantial repairs and services provided as well as what amount should be credited to the petitioner for his payments and any payments by his insurance company. Since the reasonableness of the amount charged cannot be gleaned from the papers submitted, a hearing is needed to determine the total sum owed by the petitioner to Autosports (see, Lien Law § 201-a; Matter of National Union Fire Ins. Co. v Eland Motor Car Co., supra, at 732).
Accordingly, the petitioner’s application is granted in part and denied in part, pending a hearing on the issue of the reasonableness of the amount charged, to be conducted on August 23, 2000, at 9:30 a.m. before the undersigned. The temporary restraining order previously granted herein staying the public auction of the vehicle at issue shall remain in place pending the hearing.