OPINION OF THE COURT
Nelson S. Roman, J.
Pro se petitioner, owner of a motor vehicle, commenced this special proceeding by order to show cause seeking to determine *110 the validity of a mechanic’s lien filed by respondent, auto repair shop, against his vehicle and to prevent its sale due to petitioner’s failure to satisfy the lien. Respondent now moves to dismiss the proceeding on the basis of lack of jurisdiction. Petitioner opposes.
Lien Law § 184 provides that a garage keeper who tows, stores, repairs, maintains, or otherwise furnishes services or supplies to a motor vehicle at the request, or with the consent of the owner, has a lien upon such vehicle to the extent of the sum due and owing for those services provided. The Lien Law is a codification of the common-law artisan’s lien, which recognized that a workman who by his labor enhanced the value of a chattel obtained a lien for the reasonable value of the work performed. (Sharrock v Dell Buick-Cadillac, 45 NY2d 152, 161.) The purpose of the Lien Law is to accord a form of security for personal credit by the vendor of services and supplies enhancing the value of the specified vehicle. (Slank v Dell’s Dodge Corp., 46 AD2d 445, 448.) Once asserted, the garage keeper’s lien attaches to the motor vehicle that was the subject of the unpaid charges (New York Yellow Cab Co. Sales Agency v Laurel Garage, 219 App Div 329, 334) and allows the garage keeper to detain the vehicle until such sum is paid and, if not paid, to secure payment by the sale of the vehicle. (Lien Law § 201 et seq.)
It is undisputed that respondent filed a lien, commonly referred to as a “garageman’s lien,” for alleged unpaid repair services and outstanding storage fees to petitioner’s BMW vehicle. A special proceeding to determine the validity of a lien “may be brought in any court which would have jurisdiction to render a judgment for a sum equal to the amount of the lien.” (Lien Law § 201-a.) Respondent seeks payment of repairs and fees totaling approximately $16,000. CCA 201 confers limited jurisdiction to this court over actions and proceedings wherein the monetary value sought to be recovered does not exceed $25,000. Hence, this court has subject matter jurisdiction to determine the validity of the subject lien.
Respondent contends the court lacks jurisdiction because petitioner commenced this proceeding via an order to show cause and failed to attach a “petition.” A special proceeding may be commenced in two manners: by filing a notice of petition or order to show cause and a petition. (CPLR 304.) A petition is akin to a complaint (see, CPLR 402) in that it must allege sufficient facts to appraise the court and parties of the transactions and occurrences intended to be proved and the material elements of the cause of action. (CPLR 3013.)
*111 Respondent’s contention, however, is unavailing. Although inartfully drawn, the affidavit attached to petitioner’s order to show cause is particularly sufficient to appraise the court and respondent of the underlying dispute and contains the material elements of petitioner’s cause of action. Specifically, he challenges the validity of respondent’s lien and seeks prevention of the sale of the repaired vehicle pending a hearing. Moreover, petitioner asserts in his affidavit that he agreed to have respondent make the repairs for an agreed upon price of $8,000, thus raising a viable defense. (See, Continental Ins. Co. v Consumer Towing & Collision, 189 Misc 2d 172.) A hearing is therefore required to determine the sufficiency of the consent and the reasonableness of the repairs. (See, Matter of Munro v Autosports Designs, 185 Misc 2d 821.)
Alternatively, respondent contends this court lacks authority to stay the sale of the vehicle pending final resolution of the validity of the lien. In support, respondent relies on Maloney v Rincon (153 Misc 2d 162), wherein a court of concurrent jurisdiction held civil court lacked statutory authority to grant injunctive relief in connection with a special proceeding seeking to challenge the validity of a garageman’s lien. While the decision is well reasoned, this court declines to follow.
Lien Law § 201-a gives rise to the cause of action to determine the validity of a garage keeper’s lien and confers upon the court the power to enjoin the sale of the property pending the court’s final determination. The statute provides, in relevant part, should the owner of the chattel demonstrate “the lienor is not entitled to claim a lien in the property, or that all or part of the amount claimed by the lienor” was improperly charged or exceeds the fair and reasonable value of the services rendered, the court may enter a judgment reducing the amount of the lien or canceling the lien. (Id.) In the event the lien is extinguished, the owner of the subject property “shall be entitled to possession.” (Id. [emphasis added].) Should the lienor “establish the validity of the lien, in whole or in part, the judgment shall fix the amount thereof, and shall provide that the sale may proceed” (id. [emphasis added]) after due notice. Thus, the power to enjoin the sale of property subject to a garage keeper’s lien pending a hearing to determine the lien’s validity is not only inferred but inherent within the statutory scheme.
*112 Based on the foregoing, respondent’s motion to dismiss the proceeding is denied. The clerk of the court is directed to place this matter on the Special Term Part II calendar for June 25, 2002, for a hearing on the validity of lien.