■ GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant, v ANTHONY J. MINERVINI, INC., Respondent. [753 NYS2d 627] —Peters, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered December 17, 2001 in Albany County, which denied plaintiff's motion for summary judgment.

The genesis of this action in conversion is a dispute over the validity of a lien imposed by defendant pursuant to Lien Law § 184 (1). In December 1998, an automotive retailer leased a Chevrolet truck to Scott Ackerley and thereafter assigned the lease to plaintiff, which then became the titled owner of the vehicle. The terms of the lease required Ackerley, as the lessee,

to procure insurance on the vehicle and "pay all maintenance, repair, and operating expenses, including gas and oil. * * * You will service the vehicle as the manufacturer recommends[,] * * * follow the manufacturer's instructions in any recall [and,] [i]f you don't do those things, we may do them * * * [and] [y]ou will owe us our cost if we do."

The truck sustained substantial damage in August 1999 and was towed to defendant's repair shop. Defendant avers, and plaintiff does not dispute, that the truck was insured through National Grange Mutual Insurance Company (hereinafter National) and that Ackerley, as lessee, authorized defendant to repair the truck after the insurance company inspected and approved the amount for repair. Repairs to the truck, totaling $14,085.33, were performed, with defendant notifying Ackerley in January 2000 that they had been completed. When Ackerley failed to retrieve the vehicle, defendant contacted both plaintiff and Ackerley on several occasions to ascertain whether National issued a check for the repairs. Although Ackerley ultimately advised defendant that he received the check from National and would pick the truck up shortly, he never did. Thus, in March 2000, defendant filed a notice of lien and sale. After defendant mailed a copy to both plaintiff and Ackerley by certified mail and thereafter published a notice of sale scheduling an auction in April 2000, the truck was ultimately sold.

Plaintiff thereafter commenced this action in conversion and, following joinder of issue, moved for summary judgment by asserting that the lien was invalid since defendant failed to acquire the requisite consent of plaintiff as the titled owner of the truck. Supreme Court denied the motion and this appeal ensued.

It is settled law that "[a] person keeping a garage * * * or place for the * * * keeping or repair of motor vehicles as defined by the [V]ehicle and [T]raffic [L]aw, * * * and who in connection therewith * * * repairs any motor vehicle * * * at the request or with the consent of the owner * * * has a lien upon such motor vehicle" (Lien Law § 184 [1]). The purpose of this statute is to provide the repair shop with security for the labor and material it expends which enhance the value of the vehicle (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d 725, 730; *Slank v Dell's Dodge Corp.*, 46 AD2d 445, 448). Contending that Ackerley, as a lessee, does not fall within the definition of an "owner" as defined by the Uniform Vehicle Certificate of Title Act (*see* Vehicle and Traffic Law §§ 2134, 2101 [g]), plaintiff urged the dismissal of the garage lien defense.

For the purposes of the Lien Law, Ackerley, as a lessee, may fall within the list of owners who have authority to give consent for repairs within the meaning of Lien Law § 184 (1) (*see Mercedes-Benz Credit Corp. v One Stop Auto & Truck Ctrs.*, 170 Misc 2d 354, 356; *A-Leet Leasing Assoc. v Fiero & Mandaro Collision Works*, 138 Misc 2d 664, 669). Viewing the obligations that he was required to assume under the lease agreement, including that of providing collision insurance information to the repair shop (*see Mercedes-Benz Credit Corp. v One Stop Auto & Truck Ctrs.*, *supra*; *see generally Manufacturers Trust Co. v Stehle*, 1 AD2d 471, 473), we must agree with Supreme Court that defendant has raised a triable issue of fact precluding an award of summary judgment. With plaintiff's further contentions precluded from review since they were raised for the first time on appeal (*see Janian v Barnes*, 294 AD2d 787, 789), we affirm.

Mercure, J.P., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.