*1057 OPINION OF THE COURT
Lawrence S. Knipel, J.
Petitioners DCFS Trust and DaimlerChrysler Services North America, LLC move, by order to show cause, for an order pursuant to Lien Law § 201-a directing respondent Ready 4 Action Towing Inc. to turn over to petitioner the subject vehicle described in its petition, and further directing that respondent New York State Department of Motor Vehicles (DMV) maintain its records relative to the subject vehicle with petitioner as the record title holder.
Background and Contentions
As confirmed by an annexed copy of title, petitioner is the titled owner of a certain 2002 Mercedes Benz vehicle bearing VIN 4JGAB54E42A349138. Respondent Ready 4 Action is a New York corporation with its principal place of business located at 22 Berriman Street in Brooklyn. It is registered as a motor vehicle repair shop pursuant to article 12-A of the Vehicle and Traffic Law.
On or about May 4, 2004, the subject vehicle was towed into Ready 4 Action’s premises at the request and direction of the lessee, Ira Rosen. Rosen demonstrated that he was the registrant of the vehicle by providing Ready 4 Action with his license and registration. Thereafter, at Rosen’s purported request, Ready 4 Action repaired the subject vehicle, and provided storage on its premises, for which it never received reimbursement.
In opposition to petitioner’s order to show cause, Ready 4 Action claims that it has a garageman’s lien on the vehicle and contends that petitioner is not entitled to possession of same unless it pays respondent the cost of the repair and storage. Ready 4 Action asserts that the combined total for repair and storage, as of February 11, 2005, came to $17,994.05, and contends that its lien as against petitioner is valid under Lien Law § 184 (1) because the vehicle was brought in and repairs were performed at the request of the lessee.[1]
In reply, petitioner asserts that the proper remedy to be sought by the garage is to pursue Rosen personally for pay *1058 ment, and contends that there is no legal basis for a garage-man’s lien against the vehicle, which is the property of DCFS. It avers that where consent by a nonowner lessee is asserted as the basis for a garage lien, a valid lien can be found only if the garage establishes that the doctrine of apparent authority is applicable, and that respondent has failed to demonstrate the existence of the elements of apparent authority so as to meet its burden of establishing its existence in lieu of express consent of the vehicle’s owner.
Petitioner further notes that the garage never notified it that it was claiming a lien on the vehicle until the garage sent a “Notice of Lien and Sale”; no signed agreement for repair or storage exists in the record; and it is undisputed that DCFS never requested or consented to any of the charges sought. Thus, in addition to raising the absence of consent, the lack of lessee’s authority to create a lien, the lack of an agreement, and the absence of any proof of repairs actually performed, petitioner asserts that respondent has failed to demonstrate that it complied with New York City regulations which govern garage-man’s liens, as well as applicable notice requirements mandated under Vehicle and Traffic Law § 2129 (c).
Petitioner commenced the instant proceeding in Supreme Court, Albany County. By order to show cause, respondent moved to change venue to Kings County. Following oral argument, Justice Joseph R. Cannizzaro granted respondent’s motion without rendering any findings on the underlying merits of the respective claims asserted by the parties, and the motion has been transferred to this court pursuant to Justice Cannizzaro’s order.
Discussion
“At common law, a garage keeper had no lien upon *1059 a vehicle which could be used at the pleasure of the owner. [S]ection 184 of the Lien Law, being in derogation of common law, must, therefore, be strictly construed in determining the persons to whom or cases to which it is applicable” (Slank v Dell’s Dodge Corp., 46 AD2d 445, 447 [1975] [citations omitted]).
The burden of demonstrating that a garage has complied with all mandates of the law and that a valid garageman’s lien exists is affirmatively placed on the garage (id. at 448; see also General Motors Acceptance Corp. v Chase Collision, 140 Misc 2d 1083, 1087 [1988]).
As stated by the Court of Appeals,
“The garage keeper’s superior lien ‘is a specific one attaching only to [the] certain motor vehicle’ that was the subject of the unpaid charges (New York Yellow Cab Co. Sales Agency v Laurel Garage, 219 App Div 329, 334).
“The statute clearly inures to the benefit of a garage owner who can establish the following elements: (1) the garage is the bailee of a motor vehicle (see, Slank v Dell’s Dodge Corp., 46 AD2d 445, 448, supra); (2) it has performed garage services or stored the vehicle with the vehicle owner’s consent (cf., id.); (3) there was an agreed-upon price or, if no agreement on price had been reached, the charges are reasonable for the services supplied (see, New York Yellow Cab Co. Sales Agency v Laurel Garage, 219 App Div 329, 333, supra); and (4) the garage is a duly registered motor vehicle repair shop as required under article 12-A of the Vehicle and Traffic Law (see, Lien Law § 184 [4])” (Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995]).
In opposition to petitioner’s motion, respondent, asserting, without dispute, that it is a duly registered motor vehicle repair shop pursuant to Vehicle and Traffic Law article 12-A and that it is the bailee of the vehicle does not challenge petitioner’s assertion that it failed to obtain petitioner’s consent to repair and store the vehicle. Indeed, it affirmatively states that the lessee of the vehicle directed its towing and storage. It is thus unrefuted that DCFS, as the titled owner, at no time consented to any of the charges which underlie respondent’s asserted lien, and, because a driver or possessor cannot give consent to a lien *1060 (see Slank, 46 AD2d at 448), any purported consent obtained from Rosen is ineffective as to petitioner.[2]
Moreover, even assuming, for the purpose of determining the validity of respondent’s garageman’s lien, that Rosen’s consent to the claimed repair and storage charges was binding on petitioner, respondent fails to demonstrate the existence of a valid agreement, since it fails to provide any documentary evidence, in the form of written estimates stating the agreed-upon price for the repair (see Matter of Hall v Barnes, 225 AD2d 837, 838 [1996]), or an agreement to pay for storage (see Phillips v Catania, 155 AD2d 866, 866 [1989] [“In the absence of a specific agreement, the repairman may not recover damages for storage”]). Although there is authority to support an implied agreement between the owner and garageman for storage fees based upon a proper evidentiary showing (see Express Frgt. Sys. v Walter, 219 AD2d 813 [1995]), no facts which establish such an implied agreement have been adduced.
Also unchallenged is petitioner’s contention that the record fails to demonstrate that its consent was obtained by apparent authority. Under New York law, apparent authority can only arise where the principal, not the purported agent, engages in words or conduct which give a third person a reasonable basis for believing that the agent is authorized to act (see Standard Funding Corp. v Lewitt, 89 NY2d 546, 551 [1997]; Ford v Unity Hosp., 32 NY2d 464, 473 [1973]). In the instant case, where respondent’s papers demonstrate that it knew that Rosen was a lessee and not an owner of the vehicle, it had a duty to investigate whether Rosen had authority from the true owner to place liens on the vehicle, but fails to demonstrate that any such investigation took place.[3]
In view of the foregoing, respondent has failed to meet its burden of establishing the existence of a valid garage lien. Accordingly, it is unnecessary for the court to address petitioner’s remaining contentions, and the motion is in all respects granted.

. Lien Law § 184 (1) provides:
“A person keeping a garage, hangar or place for the storage, maintenance, keeping or repair of motor vehicles . . . and who in connection therewith tows, stores, maintains, keeps or repairs any motor vehicle ... at the request or with the consent of the owner or, subject to the provisions of subdivision two of this section, tows and stores any motor vehicle at the request of a law
*1058 enforcement officer authorized to remove such motor vehicle whether or not such motor vehicle ... is subject to a security interest, has a lien upon such motor vehicle . . . for the sum due for such towing, storing, maintaining, keeping or repairing of such motor vehicle . . . and may detain such motor vehicle . . . at any time it may be lawfully in his possession until such sum is paid. . . .
“However, if the bailee of a motor vehicle . . . has furnished a written estimate of the cost of towing, storage, maintenance, repair or any other service on such motor vehicle . . . , any lien sought by such bailee for such service may not be in an amount in excess of the written estimate.”

. Vehicle and Traffic Law § 2101 (g) defines “owner” as “a person, other than a lienholder, having the property in or title to the vehicle. The term includes a person entitled to the use and possession of a vehicle subject to a security interest in another person, but excludes a lessee under a lease not intended as security.” Accordingly, any attempt by respondent to impute de facto ownership to Rosen for the purpose of establishing consent is unavailing.

. Indeed, the provisions of the lease itself, which petitioner annexes to its papers, explicitly prevent the lessee from allowing any lien or encumbrance to be attached to the vehicle.