■ In the Matter of DAIMLER TRUST AND DAIMLER TITLE COMPANY, Respondent, v SG AUTOBODY LLC, Appellant, et al., Respondent. [977 NYS2d 129]—

McCarthy, J. Appeal from an order of the Supreme Court (Devine, J.), entered June 28, 2012 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Lien Law § 201-a, to declare a garage-keeper's lien null and void.

Albert Jean leased a Mercedes Benz vehicle owned by petitioner. Following a hail storm that caused damage to the vehicle, his daughter, Roodelyn Jean, executed documents that authorized respondent SG Autobody LLC (hereinafter respondent), a motor vehicle repair shop, to perform repair work on the vehicle. After the repairs were completed, respondent notified Roodelyn Jean that the vehicle was ready to be picked up. No one picked up the vehicle or made payment, despite multiple demands. Respondent served a garagekeeper's lien, representing the costs of repairs and storage fees, upon the Jeans and

petitioner (*see* Lien Law § 184). Petitioner commenced this special proceeding seeking, among other things, a declaration that the lien was null and void.* Respondent opposed the application and asserted, among other things, a counterclaim for unjust enrichment. Supreme Court granted the petition and dismissed the counterclaims. Respondent appeals.

Supreme Court properly held that respondent failed to establish the validity of its garagekeeper's lien. A garage owner is entitled to such a lien if he or she establishes that the garage is duly registered as a repair shop as required by statute, is the bailee of a motor vehicle, performed garage services or storage with the vehicle owner's consent, and the parties had agreed upon a price or—absent such agreement—the charges were reasonable (*see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co.*, 85 NY2d 725, 730 [1995]; *Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc.*, 80 AD3d 861, 862 [2011]). The dispositive issue here is whether respondent provided repair services and storage with the owner's consent. It is undisputed that respondent never had any communication with petitioner, the title owner, until well after the repairs were performed. Thus, the only way for respondent to prevail is if it can prove that Albert Jean or Roodelyn Jean had apparent authority to consent on petitioner's behalf.

While a lessee may be considered an owner for purposes of Lien Law § 184 if he or she has apparent authority (*see General Motors Acceptance Corp. v Anthony J. Minervini, Inc.*, 301 AD2d 940, 942 [2003]), "[a]pparent authority will only be found where words or conduct of the principal—not the agent—are communicated to a third party, which give rise to a reasonable belief and appearance that the agent possesses authority to enter into the specific transaction at issue" (*Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1110 [2008]). Respondent does not indicate that it undertook any steps to determine the scope of the Jeans' authority (*see id.* at 1110-1111; *Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 600 [1997]). Petitioner's actions in allowing Albert Jean to register the vehicle in New Jersey and Roodelyn Jean to obtain insurance on the vehicle do not constitute permission to enter into a transaction that would allow a lien to attach to the vehicle. Respondent does not point to any other words or actions of petitioner, as opposed to the Jeans, that could create a reasonable belief that either of the Jeans had authority to enter into a

---

* Respondent New York State Department of Motor Vehicles was named as a party solely to freeze the vehicle's title during the pendency of this proceeding.

transaction as an owner, so as to permit the creation of a garagekeeper's lien. Hence, Supreme Court properly determined that respondent's lien was null and void.

Supreme Court properly dismissed respondent's counterclaim for unjust enrichment. To prevail on that claim, respondent needed to establish that petitioner was enriched, at respondent's expense, and that equity and good conscience do not permit petitioner to retain what respondent seeks to recover (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516 [2012]; *Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Respondent is unable to prove that it performed services *for* petitioner, rather than that petitioner received a benefit as a result of respondent performing services for someone else (*see Clark v Daby*, 300 AD2d 732, 732 [2002], *lv denied* 100 NY2d 503 [2003]; *Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). Inasmuch as respondent performed the services for and at the request of Roodelyn Jean, and based on communications with her insurance company, respondent must look to her or the insurance company for recovery (*see Branch Servs., Inc. v Cooper*, 102 AD3d 645, 648 [2013]; *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 108 [2002]; *Kagan v K-Tel Entertainment*, 172 AD2d at 376). Respondent has not shown that any benefit that petitioner received was obtained unjustly.

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.