Matter of Daimler Trust v R&W Auto Body, Inc. (2020 NY Slip Op 06187)





Matter of Daimler Trust v R&W Auto Body, Inc.


2020 NY Slip Op 06187


Decided on October 29, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

529838

[*1]In the Matter of Daimler Trust et al., Respondents,
v
R & W Auto Body, Inc., Appellant, et al., Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


E. Stewart Jones Hacker Murphy, LLP, Troy (John F. Harwick of counsel), for appellant.
Law Offices of Rudolph J. Meola, Albany (Rudolph J. Meola of counsel), for Daimler Trust and another, respondents.



Devine, J.
Appeal from an order of the Supreme Court (Melkonian, J.), entered June 20, 2019 in Albany County, which, among other things, granted petitioners' application, in a proceeding pursuant to Lien Law § 201-a, to declare a garagekeeper's lien null and void.
At all relevant times, petitioner Daimler Trust was the owner of, and petitioner Daimler Title Company held a lien on, an automobile leased to Gaetano Catanese. After the vehicle sustained major damage, Catanese authorized respondent R & W Auto Body, Inc. (hereinafter respondent) to repair and store it. Respondent completed the work on the vehicle, was not paid by Catanese or his insurance carrier, and possessed it for a considerable period of time.
In an effort to recover the repair and storage charges, respondent filed a garagekeeper's lien in the amount of $123,624.20 in September 2018. The notice of lien and sale was served by certified mail on September 28, 2018 and, 20 days later, petitioners commenced this special proceeding seeking, among other things, to determine the validity of the lien (see Lien Law § 201-a). In lieu of serving an answer, respondent moved to dismiss the proceeding pursuant to CPLR 3211 (a) (1) and (5). Supreme Court denied the motion and, finding that the owner did not consent to the repairs, granted the petition. Respondent appeals.
Supreme Court correctly denied respondent's motion to dismiss. Respondent first contended that petitioners failed to commence this proceeding "[w]ithin [10] days after service of the notice of sale" as required (Lien Law § 201-a; see Matter of Nachman v Crawford, 114 AD2d 672, 673-674 [1985]). Accepting that respondent attempted "with due diligence" to personally serve the notice upon petitioners within the county where the lien arose, however, the notice was not sent via "certified mail, return receipt requested, and by first-class mail" as required to accomplish service under Lien Law § 201 (emphasis added). Those service requirements are meant "to insure that [owners] have an adequate opportunity to reclaim their vehicles" (Mem in Support, Empire State Towing & Recovery Assn, Bill Jacket, L 2008, ch 354, at 18) and, inasmuch as a garagekeeper's lien is a statutory creation in derogation of common law, the failure to comply with them renders service defective (see Johanns v Ficke, 224 NY 513, 517-518 [1918]; Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d 1330, 1331 [2018], lv denied 32 NY3d 910 [2018]). Accordingly, in view of respondent's failure to serve the notice in the manner required by the Lien Law, the time in which to commence this proceeding challenging the lien never began to run (see Matter of Manufacturers & Traders Trust Co. v J.D. Mar. Serv., ___ AD3d ___, ___, 2020 NY Slip Op 05260, *1 [2020]; McCormack v Anchor Sav. Bank, 181 AD2d 580, 580 [1992]; Parker v P & N Recovery of N.Y., 182 Misc 2d 342, 345-346 [1999]; Hsu v Emerson Collision, 126 Misc 2d 385, 387-388 [1984] [service failed to comply with prior requirements]; compare Matter of Toyota Motor Credit Corp. v Impressive Auto Ctr., Inc., 80 AD3d 861, 863-864 [2011] [service proper where made by agent]).
Respondent also came forward with what it claimed to be documentary proof demonstrating the validity of the lien, namely, that it "is duly registered as a repair shop as required by statute, is the bailee of a motor vehicle, performed garage services or storage with the vehicle owner's consent, and the parties had agreed upon a price or — absent such agreement — the charges were reasonable" (Matter of Daimler Trust & Daimler Tit. Co. v SG Autobody LLC, 112 AD3d 1123, 1124 [2013]; see Matter of National Union Fire Ins. Co. of Pittsburgh, Pa. v Eland Motor Car Co., 85 NY2d 725, 730 [1995]; Matter of Santander Consumer USA, Inc. v A-1 Towing Inc., 163 AD3d at 1331). The proof included an authorization to repair signed by Catanese and a business certificate showing that it was a registered repair shop. Inasmuch as Catanese was the lessee, not the title owner, of the vehicle, and the business certificate did not cover the period when his authorization was given, that proof did not "conclusively establish[]" the validity of the lien so as to warrant dismissal of the petition (Leon v Martinez, 84 NY2d 83, 88 [1994]; see Matter of Santander Consumer USA, Inc. v Kobi Auto Collision & Paint Ctr., Inc., 183 AD3d 984, 987 [2020]).
Supreme Court did abuse its discretion, however, in rebuffing respondent's request to serve an answer and instead granting the petition on the merits. There was nothing to show that respondent was not a registered repair shop during the relevant period, and respondent asked petitioners to review a vehicle lease agreement that it believed conferred actual authority upon Catanese to authorize repairs on Daimler Trust's behalf (see e.g. Wen Kroy Realty Co. v Public Natl. Bank & Trust Co., 260 NY 84, 90 [1932]; New York Community Bank v Woodhaven Assoc., LLC, 137 AD3d 1231, 1233 [2016], lv denied 32 NY3d 1136 [2019]).[FN1] Petitioners instead provided that agreement for the first time in their surreply papers, a belated attempt to introduce new factual information to which respondent could not respond and that should have been rejected (see Matter of Kushaqua Estates v Bonded Concrete, 215 AD2d 993, 994 [1995]; cf. Lucas v Devlin, 139 AD3d 1196, 1197 [2016], lv denied 28 NY3d 901 [2016]). Under these circumstances, Supreme Court should have allowed respondent an opportunity to serve an answer and request limited disclosure on the question of what, if any, authority was granted to Catanese under the terms of the vehicle lease agreement (see CPLR 404 [a]; 408; Lev v Lader, 115 AD2d 522, 522 [1985]; Matter of Brentmore Estates, Inc. v Hotel Barbizon, Inc., 263 App Div 389, 394 [1942]; cf. Matter of Foley, 140 AD2d 892, 893-894 [1988]). Respondent's remaining arguments are academic.
Lynch, J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the petition; matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Our prior decisions in Matter of Daimler Trust & Daimler Title Co. v SG Autobody LLC (112 AD3d at 1124-1125) and General Motors Acceptance Corp. v Anthony J. Minervini Inc. (301 AD2d 940, 942 [2003]) dealt with the apparent, not actual, authority of an individual to consent to repairs on a vehicle owner's behalf. They do not, contrary to petitioners' contention, bar the possibility that repairs could be authorized by one granted actual authority to do so by the owner.